1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ING BANK, fsb,

        Plaintiff,

    v.

JACOB A. KORN, individually, and the marital community of JACOB A. and ANDREA KORN; EMERALD CITY ESCROW, LLC, a Washington limited liability company; ALLA SOBOL, individually; DAVID SOBOL, individually, and the marital community of ALLA AND DAVID SOBOL; NATIONWIDE HOME LENDING, LLC, a Washington limited liability company; DAVID AND ALLA SOBOL FAMILY LP, a Washington limited partnership; EURO AND EXOTIC GARAGE, INC, a Washington corporation; VIKTOR G. MOKHNACH, individually, and the marital community of VIKTOR G and LARISA N. MOKHNACH; INNA RUSEVA, individually; JOHN DOE RUSEVA, individually, and the marital community of INNA and JOHN DOE RUSEVA; RIAAN MOOLMAN, individually; JANE DOE MOOLMAN, individually, and the marital community of RIAAN and JANE DOE MOOLMAN; PETR KLIMENKO, individually; LILIYA KLIMENKO, individually, and the marital community of PETR and LILIYA KLIMENKO; NIKOLAY KLIMENKO, individually; KRISTINA KLIMENKO, individually, and the marital community of NIKOLAY and KRISTINA KLIMENKO; ANATOLIY TISLENOK, individually; VERA TISLENOK, individually, and the marital

Case No.

**COMPLAINT**

**(caption continued on next page)**

COMPLAINT - 1

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  community of VERA and ANATOLIY
   TISLENOK; ANASTASIA TISLENOK,
   individually; OLEG TISLENOK, individually,
2  and the marital community of OLEG and
   ANASTASIA TISLENOK; VALERIY
3  NAYBERGER, individually; DINA
   NAYBERGER, individually, and the marital
4  community of DINA and VALERIY
   NAYBERGER; TATYANA KOTELEVSKIY
5  aka TATYANA SHPAK, individually; IGOR
   KOTELEVSKIY, individually, and the marital
6  community of IGOR and TATYANA
   KOTELEVSKIY; SERGEY KOZHEVNIKOV,
7  individually; NADEZHDA SEDNEVA aka
   NADYA SEDNEV, individually, and the marital
8  community of SERGEY KOZHEVNIKOV and
   NADEZHDA SEDNEVA; KEYBANK N.A., a
9  national banking association; KEYCORP, an
   Ohio corporation; IRINA PIEKHOTIN aka
10 IRINA LYSUK aka IRINEA PIEKHOTIN,
   individually, and the marital community of
11 IRINA and VITALIY PIEKHOTIN; WELLS
   FARGO & COMPANY, a Delaware corporation;
12 WELLS FARGO N.A., a national banking
   association; WATERMARK CREDIT UNION, a
13 Washington state chartered credit union;
   BOEING EMPLOYEE CREDIT UNION, a
14 Washington state chartered credit union;
   ALASKA USA FEDERAL CREDIT UNION, a
15 federally chartered credit union; and
   WESTSOUND BANK, a Washington
   corporation

                    Defendants.

17        COMES NOW Plaintiff ING Bank, fsb ("Plaintiff" or "ING") and complains and alleges

18 against Defendants, as follows:

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

COMPLAINT - 2

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

PARTIES TO THE ACTION

1.	ING is a federally chartered savings bank with its principal place of business in Wilmington, Delaware.  ING is duly authorized and in good standing to conduct business in the state of Washington.

2.	ING is informed, believes, and thereon alleges that defendant Jacob A. Korn ("Korn") is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington; an attorney licensed under the laws of the State of Washington, WSBA #28332; and a director, officer and/or managing member of defendant Emerald City Escrow, LLC.  Korn does business at 600 108th Ave. NE, Suite 239, Bellevue, King County, Washington, 98004.  ING is informed, believes, and thereon alleges that Korn, at all times mentioned in this Complaint, held himself out as a licensed escrow agent.  In fact, Korn has never held such a license.  Jacob Korn resides with his wife Andrea Korn at 6029 Oakhurst Rd. South, Seattle, King County, Washington 98118.  On information and belief, Korn actively participated in the Defendants' scheme to engage in the preparation, submission and closure of fraudulent interstate real estate financing transactions, with financial institutions like ING among the intended victims of their criminal acts.  All of Korn's actions were taken to further the interests of both his individual estate and the marital estate of Jacob A. and Andrea Korn.

3.	ING is informed, believes, and thereon alleges that defendant Emerald City Escrow, LLC ("Emerald City Escrow") is now, and was at all times mentioned in this Complaint, an active Washington limited liability company with its principal place of business at 600 108th Ave. NE, Suite 239, Bellevue, King County, Washington, 98004.  It is registered under the laws of the State of Washington with UBI number 602539579.  ING is informed, believes, and thereon alleges that Emerald City Escrow at all times mentioned in this Complaint operated and held itself out as a licensed escrow agent.  In fact, Emerald City Escrow has never held such a license.  On information and belief, Emerald City Escrow actively participated in the Defendants' scheme to engage in the preparation, submission and closure of fraudulent

COMPLAINT - 3

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    interstate real estate financing transactions, with financial institutions like ING among the

2    intended victims of their criminal acts.

3         4.     ING is informed, believes, and thereon alleges that defendant Alla Sobol is now,

4    and was at all times mentioned in this Complaint, an individual residing in the state of

5    Washington; a director, officer and/or managing member of defendant Nationwide Home

6    Lending, LLC; and a general partner of the David and Alla Sobol Family LP.  Alla Sobol is

7    married to defendant David Sobol, and they are believed to reside at 698 Summerhill Ridge

8    Drive NW, Issaquah, King County, Washington 98027.  On information and belief, Alla Sobol

9    actively participated in the Defendants' scheme to engage in the preparation, submission and

10   closure of fraudulent interstate real estate financing transactions, with financial institutions like

11   ING among the intended victims of their criminal acts.  All of Alla Sobol's actions were taken

12   to further the interests of both her individual estate and the marital estate of Alla and David

13   Sobol.

14        5.     ING is informed, believes, and thereon alleges that defendant David Sobol is

15   now, and was at all times mentioned in this Complaint, an individual residing in the state of

16   Washington; a manager, director and/or officer of Emerald City Escrow; and a general partner

17   of the David and Alla Sobol Family LP.  David Sobol is married to Alla Sobol, and they are

18   believed to reside at 698 Summerhill Ridge Drive NW, Issaquah, King County, Washington

19   98027.  On information and belief, David Sobol actively participated in the Defendants' scheme

20   to engage in the preparation, submission and closure of fraudulent interstate real estate

21   financing transactions, with financial institutions like ING among the intended victims of their

22   criminal acts.  All of David Sobol's actions were taken to further the interests of both his

23   individual estate and the marital estate of Alla and David Sobol.

24        6.     ING is informed, believes, and thereon alleges that defendant Nationwide Home

25   Lending, LLC ("Nationwide Lending") was at all relevant times, a Washington limited liability

26   company with its principal place of business in the state of Washington, registered with the

COMPLAINT - 4

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

State of Washington, UBI number 602560163, that is currently inactive and was dissolved on or about September 7, 2008.  ING is informed, believes, and thereon alleges that Nationwide Lending at all relevant times operated and held itself out as a Washington licensed mortgage broker, license # 510-MB-30749, which license terminated in October 2008.  Nationwide Lending is believed to have conducted business at 127 Bellevue Way SE, Suite 108, Bellevue, King County, Washington 98004; and at 155 108th Avenue NE, Suite 220, Bellevue, King County, Washington.  On information and belief, Nationwide Lending actively participated in the Defendants' scheme to engage in the preparation, submission and closure of fraudulent interstate real estate financing transactions, with financial institutions like ING among the intended victims of their criminal acts.

7.      ING is informed, believes, and thereon alleges that the defendant David and Alla Sobol Family LP ("Sobol Family LP") is now, and was at all times mentioned in this Complaint, an active Washington limited partnership with its principal place of business in the state of Washington; registered with the State of Washington under UBI number 602691448. ING is informed, believes, and thereon alleges that David and Alla Sobol have used the Sobol Family LP to further and to protect their interests in the fruits of the fraudulent interstate acts complained of herein.  The Sobol Family LP currently does business at 698 Summerhill Ridge Drive NW, Issaquah, King County, Washington 98027, and at previous times relevant hereto, 1218 North 27th Place, Renton, King County, Washington.

8.      ING is informed, believes, and thereon alleges that defendant Euro and Exotic Garage, Inc. ("Euro Auto"), is now, and was at all times mentioned in this Complaint, an active Washington corporation with its principal place of business at 6505 233rd Place SE, Woodinville, Snohomish County, Washington,  UBI number 602362793.  On information and belief, Euro Auto actively participated in the Defendants' scheme to engage in the preparation, submission and closure of fraudulent interstate real estate financing transactions, with financial institutions like ING among the intended victims of their criminal acts.

COMPLAINT - 5

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

9.      ING is informed, believes, and thereon alleges that defendant Viktor G. Mokhnach ("Mokhnach") is now, and was at all times mentioned in this Complaint, an individual residing in Snohomish County, Washington.  On information and belief, his current personal residence is located at 1327 238th Pl. SW, Bothell, Snohomish County, Washington 98021.  Mokhnach is and was a director and/or officer of Euro Auto, and is doing business at 6505 233rd Place SE, Woodinville, Snohomish County, Washington.  On information and belief, Mokhnach actively participated in the Defendants' scheme to engage in the preparation, submission and closure of fraudulent interstate real estate financing transactions, with financial institutions like ING among the intended victims of their criminal acts.  All of Mokhnach's actions were taken to further the interests of both his individual estate and the marital estate of Viktor G. and Larisa N. Mokhnach.

10.      ING is informed, believes, and thereon alleges that defendant Inna Ruseva ("Ruseva") is now, and was at all times mentioned in this Complaint, an individual residing in Pierce County, Washington.  At times relevant to this suit, Ruseva owned real property at 4528 Heron Ridge Dr. NE, Tacoma, Pierce County, Washington 98422.  On information and belief, Ruseva actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts. All of Ruseva's actions were taken to further the interests of both her individual estate and the marital estate of Inna and John Doe Ruseva.

11.      ING is informed, believes, and thereon alleges that defendant John Doe Ruseva is an individual residing in the state of Washington; the spouse of Inna Ruseva; and may have an interest in the property at 4528 Heron Ridge Dr. NE, Tacoma, Pierce County, Washington 98422.

12.      ING is informed, believes, and thereon alleges that defendant Riaan Moolman ("Moolman") is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington.  At times relevant to this suit, Moolman owned real property at 425 O

COMPLAINT - 6

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Street SW, Quincy, Grant County, Washington, 98848.  On information and belief, Moolman actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts. All of Moolman's actions were taken to further the interests of both his individual estate and the marital estate of Riaan and Jane Doe Moolman.

13.    ING is informed, believes, and thereon alleges that defendant Jane Doe Moolman is an individual residing in the state of Washington; the spouse of Riaan Moolman; and may have an interest in the property at 425 O Street SW, Quincy, Grant County, Washington, 98848.

14.    ING is informed, believes, and thereon alleges that defendant Petr Klimenko ("Klimenko") is now, and was at all times mentioned in this Complaint, an individual residing in Snohomish County, Washington. At times relevant to this suit, Klimenko owned real property at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.  On information and belief, Klimenko actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Klimenko's actions were taken to further the interests of both his individual estate and the marital estate of Petr and Liliya Klimenko.

15.    ING is informed, believes, and thereon alleges that defendant Liliya Klimenko is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington and may have an interest in the property located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.

16.    ING is informed, believes, and thereon alleges that defendant Nikolay Klimenko is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington and may have an interest in the property located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.

17.    ING is informed, believes, and thereon alleges that defendant Kristina Klimenko is now, and was at all times mentioned in this Complaint, an individual residing in the state of

COMPLAINT - 7

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Washington and may have an interest in the property located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.

18.     ING is informed, believes, and thereon alleges that defendant Anatoliy Tislenok is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington.  At times relevant to this suit, defendants Anatoliy and Vera Tislenok owned real property at 36030 21st Lane South, Federal Way, King County, Washington 98003.  Anatoliy Tislenok resides either at that address or at 37939 20th Place South, Federal Way, King County, Washington 98003.  On information and belief, Anatoliy Tislenok actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Anatoliy Tislenok's actions were taken to further the interests of both his individual estate and the marital estate of Anatoliy and Vera Tislenok.

19.     ING is informed, believes, and thereon alleges that defendant Vera Tislenok is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington.  At times relevant to this suit, Anatoliy and Vera Tislenok owned real property at 36030 21st Lane South, Federal Way, King County, Washington 98003.  On information and belief, Vera Tislenok resides either at that address or at 37939 20th Place South, Federal Way, King County, Washington 98003.  On information and belief, Vera Tislenok actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Vera Tislenok's actions were taken to further the interests of both her individual estate and the marital estate of Vera and Anatoliy Tislenok.

20.     ING is informed, believes, and thereon alleges that defendant Anastasia Tislenok is now, and was at all times mentioned in this Complaint, an individual residing in Pierce County, Washington.  On information and belief, Anastasia Tislenok is married to defendant Oleg Tislenok.  At times relevant to this suit, Anastasia and Oleg Tislenok owned real property

COMPLAINT - 8

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

located at 36058 21st Lane South, Federal Way, King County, Washington 98003, and are believed to reside at 6520 26th St. NE, Tacoma, Pierce County, Washington 98422.   On information and belief, Anastasia Tislenok actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Anastasia Tislenok's actions were taken to further the interests of both her individual estate and the marital estate of Anastasia and Oleg Tislenok.

21.      ING is informed, believes, and thereon alleges that defendant Oleg Tislenok is now, and was at all times mentioned in this Complaint, an individual residing in the state of Washington. On information and belief, Anastasia Tislenok is married to Oleg Tislenok.  At times relevant to this suit, Anastasia and Oleg Tislenok owned real property located at 36058 21st Lane South, Federal Way, King County, Washington 98003, and are believed to reside at 6520 26th St. NE, Tacoma, Pierce County, Washington 98422.  On information and belief, Oleg Tislenok actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts. All of Oleg Tislenok's actions were taken to further the interests of both his individual estate and the marital estate of Anastasia and Oleg Tislenok.

22.      ING is informed, believes, and thereon alleges that defendant Valeriy Nayberger is now, and was at all times mentioned in this Complaint, an individual residing in Pierce County, Washington.  At times relevant to this suit, Valeriy Nayberger owned real property at 2908 44th Avenue Northeast, Tacoma, Pierce County, Washington, 98422.  Valeriy Nayberger is married to Dina Nayberger.  On information and belief, Valeriy Nayberger actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Valeriy Nayberger's actions were taken to further the interests of both his individual estate and the marital estate of Valeriy and Dina Nayberger.

23.      ING is informed, believes, and thereon alleges that defendant Dina Nayberger is

COMPLAINT - 9

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

now, and was at all times mentioned in this Complaint, an individual residing in Pierce County, Washington.  At times relevant to this suit, Dina Nayberger owned real property at 2908 44th Avenue Northeast, Tacoma, Pierce County, Washington, 98422.  Dina Nayberger is married to Valeriy Nayberger.  On information and belief, Dina Nayberger actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Dina Nayberger's actions were taken to further the interests of both her individual estate and the marital estate of Valeriy and Dina Nayberger.

24.     ING is informed, believes, and thereon alleges that defendant Tatyana Kotelevskiy, aka Tatyana Shpak, ("Tatyana Kotelevskiy") is now, and was at all times mentioned in this Complaint, an individual owning property at 23728 29th Ave. West, Brier, Snohomish County, Washington 98036.  Tatyana Kotelevskiy is married to defendant Igor Kotelevskiy.  On information and belief, Tatyana Kotelevskiy resides in Puyallup, Pierce County, Washington.  On information and belief, Tatyana Kotelevskiy actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Tatyana Kotelevskiy's actions were taken to further the interests of both her individual estate and the marital estate of Tatyana and Igor Kotelevskiy.

25.     ING is informed, believes, and thereon alleges that defendant Igor Kotelevskiy is now, and was at all times mentioned in this Complaint, an individual owning property at 23728 29th Ave. West, Brier, Snohomish County, Washington 98036.  Igor Kotelevskiy is married to Tatyana Kotelevskiy.  On information and belief, Igor Kotelevskiy resides in Puyallup, Pierce County, Washington.  On information and belief, Igor Kotelevskiy actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Igor Kotelevskiy's actions were taken to further the interests of both his individual estate and the marital estate of

COMPLAINT - 10

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Tatyana and Igor Kotelevskiy.

26.    ING is informed, believes, and thereon alleges that defendant Sergey Kozhevnikov ("Kozhevnikov") is now, and was at all times mentioned in this Complaint, an individual residing in King County, Washington.  At times relevant to this suit, Kozhevnikov owned real property at 26916 9th Avenue South, Des Moines, King County, Washington 98198. Kozhevnikov is married to Nadezhda Sedneva, aka Nadya Sednev ("Sedneva").  On information and belief, Kozhevnikov actively participated in the Defendants' scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with ING the intended victim of their criminal acts.  All of Kozhevnikov's actions were taken to further the interests of both his individual estate and the marital estate of Kozhevnikov and Sedneva.

27.    ING is informed, believes, and thereon alleges that defendant Sedneva is now, and was at all times mentioned in this Complaint, an individual residing in King County, Washington.  At times relevant to this suit, Sedneva owned real property at 26916 9th Avenue South, Des Moines, King County, Washington 98198.  Sedneva is married to Kozhevnikov.  All of Sedneva's actions were taken to further the interests of both his individual estate and the marital estate of Kozhevnikov and Sedneva.

28.    ING is informed, believes, and thereon alleges that defendant Keybank, N.A., a national banking association, may have an interest as a junior lienholder in the property located at 4528 Heron Ridge Drive NE, Tacoma, Pierce County, Washington, 98422.

29.    ING is informed, believes, and thereon alleges that defendant Keycorp, an Ohio corporation, may have an interest as a junior lienholder in the property located at 4528 Heron Ridge Drive NE, Tacoma, Pierce County, Washington, 98422.

30.    ING is informed, believes, and thereon alleges that defendant Irina Piekhotin, aka Irina Lysuk aka Irinea Piekhotin, ("Piekhotin") and the marital community of Irena and Vitaliy Piekhotin, residing in Pierce County, Washington, may have an interest as a junior lienholder in the property located at 4528 Heron Ridge Drive NE, Tacoma, Pierce County,

COMPLAINT - 11

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1   Washington, 98422.

2       31.    ING is informed, believes, and thereon alleges that defendant Wells Fargo &

3   Company, a Delaware corporation, may have an interest as a junior lienholder in the property

4   located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.

5       32.    ING is informed, believes, and thereon alleges that defendant Wells Fargo N.A.,

6   a national banking association, may have an interest as a junior lienholder in the property

7   located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.

8       33.    ING is informed, believes, and thereon alleges that defendant Watermark Credit

9   Union, a Washington state chartered credit union, may have an interest as a junior lienholder in

10  the property located at 36030 21st Lane Street, Federal Way, King county, Washington, 98003.

11      34.    ING is informed, believes, and thereon alleges that defendant Boeing Employee

12  Credit Union, a Washington state chartered credit union, may have an interest as a junior

13  lienholder in the property located at 2908 44th Avenue NW, Tacoma, Pierce County,

14  Washington, 98422.

15      35.    ING is informed, believes, and thereon alleges that defendant Alaska USA

16  Federal Credit Union, a federally chartered credit union, may have an interest as a junior

17  lienholder in the property located at 26916 9th Avenue South, Des Moines, King County,

18  Washington, 98198.

19      36.    ING is informed, believes, and thereon alleges that defendant Westsound Bank, a

20  Washington corporation, may have an interest as a junior lienholder in the property located at

21  26916 9th Avenue South, Des Moines, King County, Washington, 98198.

22

23  ## RELATED NONPARTIES

24      37.    ING is informed, believes, and thereon alleges that Eric Olaf Perrigo ("Perrigo")

25  is now, and was at all times mentioned in this Complaint, an individual residing in the state of

26  Washington, and the owner of Appraisals Unlimited, aka Perrigo Appraisals, doing business at

COMPLAINT - 12

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1   16149 Redmond Way #394, Redmond, King County, Washington.  On information and belief,

2   Perrigo prepared false appraisals of real property to further the Defendants' scheme to engage in

3   the preparation, submission and closure of fraudulent interstate real estate financing

4   transactions, with financial institutions like ING among the intended victims of their criminal

5   acts.  All of Perrigo's actions were taken to further the interests of both his individual estate and

6   the marital estate of Eric O. and Lori D. Perrigo.  Perrigo and his wife Lori are presently the

7   subject of a voluntary Chapter 7 bankruptcy petition filed in the Western District of Washington

8   under Cause Number 08-17086-SJS.  ING believes an automatic stay may apply, and for that

9   reason these persons have not been named as defendants in this action at this time.  In their

10  bankruptcy petition, Eric Perrigo lists his personal address as 16149 Redmond Way #394,

11  Redmond, King County, Washington.  In that same petition, Lori Perrigo lists her personal

12  address as 20326 NE 133rd St., Woodinville, King County, Washington.

13         38.    ING is informed, believes, and thereon alleges that Appraisals Unlimited, aka

14  Perrigo Appraisals ("Appraisals Unlimited"), is now, and was at all times mentioned in this

15  Complaint, an active Washington sole proprietorship owned by Perrigo with its principal place

16  of business at 16149 Redmond Way #394, Redmond, King County, Washington; registered with

17  the State of Washington under UBI number 601609681.  On information and belief, Appraisals

18  Unlimited prepared false appraisals of real property to further the Defendants' scheme to engage

19  in the preparation, submission and closure of fraudulent interstate real estate financing

20  transactions, with financial institutions like ING among the intended victims of their criminal

21  acts.  It is currently unclear whether any automatic stay in the Perrigo bankruptcy case applies to

22  Appraisals Unlimited, and for that reason, ING has not named Appraisals Unlimited as a

23  defendant in this action at this time.

24

25

26                              JURISDICTION AND VENUE

COMPLAINT - 13

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

39.     This Court has subject matter jurisdiction over the first and second claims under the RICO statute alleged herein pursuant to 28 U.S.C. §1331 because those claims arise under the laws of the United States (18 U.S.C. §§1961, *et seq.*).

40.     This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367, because the federal and non-federal claims arise from a common nucleus of operative fact.

41.     Venue is proper in this Judicial District under 28 U.S.C. §1391(b) because all Defendants reside and/or do business in Washington State, with all but one of the individual defendants residing in this District, and because the claims for relief arise from acts, events, and omissions that occurred in this District.

GENERAL ALLEGATIONS

Jacob Korn and Alla Sobol Formed and Managed an Enterprise

In Order to Commit Mortgage Fraud against ING

42.     This action primarily arises out of Alla Sobol and Jacob Korn's (collectively, the "Defendant Managers") scheme to defraud ING.  The Defendant Managers created a criminal enterprise comprised of a mortgage loan broker, an unlicensed escrow company, an auto shop, title insurers, tax preparers, accountants, appraisers, borrowers, shell corporations and others, through which the Defendant Managers, the Defendant Conspirators[1] and the Nonparty

---

[1] The "Defendant Conspirators" individually include at least Emerald City Escrow, Nationwide Lending, David Sobol, the Sobol Family LP, Euro Auto, Mokhnach, Ruseva, Moolman, Klimenko, Anatoliy Tislenok, Vera Tislenok, Anastasia Tislenok, Oleg Tislenok, Valeriy Nayberger, Dina Nayberger, Tatyana Kotelevskiy, Igor Kotelevskiy, Kozhevnikov and to the extent applicable, each of their marital communities.  Additional Defendant Conspirators, such as additional borrowers, accountants or tax preparers may be identified during the course of discovery.

COMPLAINT - 14

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Conspirators[2] engaged in and effectuated multiple acts of interstate fraud during at least the two calendar years preceding the filing of this Complaint upon ING for which they are liable (the "Enterprise").   Through the Enterprise, the Defendant Managers, Defendant Conspirators and Nonparty Conspirators prepared falsified loan applications, overvalued properties, submitted falsified documents, engaged in identity fraud, presented fraudulent closing protection letters in the guise of a licensed escrow company, falsely claimed to hold valid state licenses, hid assets, and committed other acts of fraud and deceit which assisted the Defendant Borrowers[3] in securing loan funds from ING, and caused the payment of fees by ING to members of the Enterprise.  The loans and payments would not have been made by ING but for the fraudulent and deceitful acts and omissions of the Enterprise.  These acts of mortgage fraud against a federally chartered savings bank were committed in part using the United States mail across state lines.  The actions of the Defendant Managers, Defendant Conspirators and Nonparty Conspirators constitute violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§1961 *et seq.*), Washington's Criminal Profiteering Act (RCW 9A.82.001 *et seq.*), and are the bases for separate causes of action against certain Defendants for fraud, breach of contract and negligence.

43.     ING is informed, believes, and thereon alleges that Korn is a director, officer, and/or managing member of Emerald City Escrow, which holds itself out as a licensed escrow company and acted as the closing agent for multiple loans funded by ING that were brokered by Nationwide Lending.  Although neither Korn nor Emerald City Escrow has ever been licensed

---

[2] The "Nonparty Conspirators" include at least nonparties Perrigo, his marital community, and Appraisals Unlimited.

[3] The "Defendant Borrowers" individually are Ruseva, Moolman, Klimenko, Anatoliy Tislenok, Vera Tislenok, Anastasia Tislenok, Oleg Tislenok, Valeriy Nayberger, Dina Nayberger, Tatyana Kotelevskiy, Igor Kotelevskiy, and to the extent applicable, each of their marital communities. Additional Borrowers may be identified during the course of discovery.

COMPLAINT - 15

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

by the State of Washington as an escrow agent, Korn, throughout his and Emerald Escrow's dealings with ING, held both himself and Emerald City Escrow out as having such a license.

44.     Nationwide Lending held itself out as a licensed mortgage broker in Bellevue, Washington.  Nationwide Lending was dissolved on September 7, 2008 and its Washington mortgage broker license terminated in October 2008.  ING is informed, believes, and thereon alleges that Alla Sobol is a director, officer and/or managing member of Nationwide Lending.

45.     ING is informed, believes, and thereon alleges that Alla Sobol is married to David Sobol, who is a manager, member, director and/or officer of Emerald City Escrow, and together they operate the Sobol Family LP.  ING is informed, believes, and thereon alleges that the Sobol Family LP was formed in February 2007 with the purpose of holding assets out of the reach of David and Alla Sobol's ("the Sobols") creditors, thereby hindering, delaying and/or defrauding such creditors, and as a vehicle into which the Sobols funneled the unlawful gains they derived from the operation of the Enterprise.  ING is informed, believes, and thereon alleges that at all relevant times, the Sobols, on the one hand, and the Sobol Family LP, on the other hand, have been and are the alter egos of one another; and also that there has existed and continues to exist a unity of interest, such that any separateness has ceased to exist between them for at least the following reasons: (i) the Sobols are the only partners in the Sobol Family LP; (ii) the Sobols exercise dominance and control over the Sobol Family LP such that the Sobol Family LP is a mere shell and conduit for the Sobols' ill-gotten gains from the Enterprise; (iii) the Sobols have treated the assets of the Sobol Family LP as their own assets; (iv) the Sobols have commingled their own funds and other assets with those of the Sobol Family LP; (v) the Sobols and the Sobol Family LP have disregarded legal formalities distinguishing the Sobols from the Sobol Family LP; (vi) and the Sobols and the Sobol Family LP operate or have operated out of the same office or business location.

46.     ING is informed, believes and thereon alleges that the Enterprise was created, operated and controlled by the Defendant Managers who acted together with the Defendant

COMPLAINT - 16

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Conspirators and Nonparty Conspirators to obtain loans and related fees from ING in a pattern of deception that goes far beyond ordinary fraud.  Through a complex network of conspirators, the Defendant Managers organized and orchestrated a massive mortgage-loan falsification scheme that induced ING to provide millions of dollars in loans, to pay over one hundred thousand dollars in related fees, and to suffer other losses.

<u>The Enterprise Engaged in Predicate Acts of Mortgage Fraud by</u>

<u>Obtaining Loans through Straw Borrowers and a Network of Conspirators</u>

47.     ING is informed, believes and thereon alleges that, as a part of this scheme, the Defendant Managers arranged for individuals to act as "straw borrowers" on loans from ING. In their capacity as principals of Nationwide Lending and Emerald City Escrow, the Defendant Managers recruited the Defendant Borrowers to apply for and obtain loans to purchase and/or refinance residences in Washington State through ING.  In each and every case the Defendant Managers recruited borrowers that the Defendant Managers knew did not have the financial wherewithal to repay the loans.  The Defendant Borrowers knew they could not afford to repay the loans, but they participated in the Enterprise's perpetration of fraud with the intent to, and realization of, profit from their wrongful misrepresentations, omissions and acts.

48.     In furtherance of the scheme to defraud ING, the Defendant Managers used and directed Nationwide Lending and Defendant Borrowers to prepare and submit to ING false loan applications and other loan related documents in connection with at least nine loans in the two calendar years preceding the filing of this Complaint.  The loan applications were supported by false information furnished by the Defendant Conspirators and Nonparty Conspirators, including falsified income statements and tax information, false employment information, inflated appraisals, and worthless closing protections letters.

49.     ING is informed, believes, and thereon alleges that, at the direction of the Defendant Managers and through Nationwide Lending, the Defendant Borrowers transmitted

COMPLAINT - 17

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

their false loan applications and supporting documentation to ING outside of the state of Washington, which failed to truthfully disclose all facts material to their applications, and which instead contained material false information and misrepresentations regarding the Defendant Borrowers' income and employment.

50.     At the direction of the Defendant Managers, Nationwide Lending's brokers submitted inaccurate information in the loan applications and supporting documentation, even though they knew the information in the loan applications and supporting documentation was false in material respects.  This false information and documentation and Nationwide Lending's representations and warranties to ING led ING to reasonably believe that the Defendant Borrowers met ING's standards of creditworthiness, which they did not.

51.     At the direction of the Defendant Managers, the Co-Conspirators Mokhnach and Euro Auto acted in furtherance of the fraudulent scheme by creating false verifications of employment and false and inflated earning statements for certain Defendant Borrowers that were submitted to ING in support of the Defendant Borrowers' loan applications.  ING is informed, believes, and thereon alleges that Mokhnach and Euro Auto profited directly or indirectly from their participation in this scheme to defraud ING.

52.     The Defendant Managers also engaged the services of Perrigo and his business, Appraisals Unlimited.   ING is informed, believes and thereon alleges that Perrigo and Appraisals Unlimited provided appraisals, at the direction of the Defendant Managers, which fraudulently inflated the value of the homes described in the loan applications, with the intention and purpose of inducing ING to make loans to the Defendant Borrowers, which it would not have made had the true values of the homes been known to ING.

53.     Despite being unlicensed to do so, Emerald City Escrow, acting through and/or at the direction of its principal Korn, facilitated the closing of the interstate loans to Defendant Borrowers (which Emerald City Escrow and Korn knew to be based upon the falsified loan applications, false supporting documentation of employment and income, inflated appraisals,

COMPLAINT - 18

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

and other deceitful information) by purporting to act as the escrow agent for each of the loans. At the direction of the Defendant Managers, including specifically Korn, Emerald City Escrow intentionally and knowingly ignored material deficiencies at loan closings, such as missing signatures and incorrect or missing information in closing statements.  ING justifiably and reasonably relied upon Emerald City Escrow and Korn's purported expertise as closing agents. Because Emerald City Escrow and Korn were conspirators in this scheme, that reliance was detrimental and caused injury to ING.

54.     ING justifiably relied to its detriment and injury upon the false information and documentation in the Defendant Borrowers' loan applications submitted by Nationwide Lending to ING.  Without knowledge of the false statements contained therein, ING reasonably approved loans for the Defendant Borrowers and disbursed loan proceeds in accordance with the loan closing documents.  Had ING known of the Enterprise's scheme, conceived, planned and managed by the Defendant Managers, and the true facts regarding the loan applications, supporting documentation, borrower information and appraisal values, ING would not have made the loans to the Defendant Borrowers or paid fees to Defendant Conspirators, Nationwide Lending and Emerald City Escrow, and the Nonparty Conspirators.

55.     Only after making the loans and paying the associated fees, and after the Defendant Borrowers defaulted in payments on their respective loans, did ING reasonably learn of the Defendant Managers' scheme to defraud.  After default, ING learned of false information and documentation provided to it, including significant discrepancies between the amounts of income claimed in the loan applications versus actual income of each Defendant Borrower, falsified employment, and appraisal inflation.

56.     Through Defendant Conspirators and Nonparty Conspirators, the Defendant Managers orchestrated a massive fraud scheme to induce ING to loan the Defendant Borrowers millions of dollars that the Defendant Managers knew could not and would not be repaid and which the Enterprise knew were undersecured due to inflated appraisals.

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

57.     The Defendant Borrowers profited from the fraudulently obtained mortgage loans by obtaining loan proceeds and/or real property.  In addition, the Defendant Managers, Nationwide Lending and Emerald City Escrow profited from the perpetration of this fraudulent scheme upon ING, by their receipt of substantial fees paid by ING for originating, submitting and processing the fraudulent loans.

58.     Nonparty Conspirators Perrigo and Appraisals Unlimited profited by obtaining appraisal fees for the inflated appraisals they prepared in furtherance of this scheme.

59.     Such acts in furtherance of the conspiracy occurred at least nine times between November, 2007 and July, 2008.

60.     ING suffered substantial losses due to the acts of the Defendant Managers, Defendant Conspirators and Nonparty Conspirators.  Among other things, as a result of the fraudulent scheme, ING made loans that it would not otherwise have made, which are unlikely to be repaid and indeed are already in default, which are not marketable in any secondary market, and where the amount of the loans exceeds the value of the security for those loans.  Moreover, ING has been damaged by the payment of fees to Nationwide Lending, Emerald City Escrow, Perrigo and Appraisals Unlimited for originating and processing these fraudulent loans and falsely appraising the properties.  ING would not have made the loans to the Defendant Borrowers (the proceeds of which, in some cases, also funded the fees paid to Nationwide Lending, Emerald City Escrow, Perrigo and/or Appraisals Unlimited) if it had known the true facts regarding the Defendant Borrowers' lack of creditworthiness and/or had known the true value of the properties provided as security for those loans.

61.     The Defendant Managers, Defendant Conspirators and Nonparty Conspirators profited financially from the execution of these fraudulent loans because they received the benefit of loan proceeds and fees funded by ING in connection with the loans.

62.     ING is informed, believes, and thereon alleges, that the acts above constitute predicate acts of racketeering and criminal profiteering as defined in both RICO and RCW

COMPLAINT - 20

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

9A.82.010 *et seq.*  Those acts, in short, include providing false information, falsified loan applications, and falsified supporting loan documents (*i.e.*, false employment and income information and inflated appraisals) and the acts of the Defendant Managers, Defendant Conspirators and Nonparty Conspirators in orchestrating the scheme and submitting those falsified loan applications and loan documents to ING.

<u>Nationwide Lending and the Defendant Borrowers Committed Fraud</u>

63.     Nationwide Lending and the Defendant Borrowers knowingly submitted false information in connection with their loan applications to ING, constituting independent acts of fraud.

64.     Nationwide Lending submitted the fraudulent loan applications in violation of its Broker Origination Agreement with ING, executed on-line, on or about May 9, 2007 by Alla Sobol on behalf of Nationwide Lending (the "Broker Agreement").  The Broker Agreement is attached as Exhibit 1, and incorporated herein by reference.

65.     The Broker Agreement obligated Nationwide Lending not to submit any loan application to ING that "is not true, correct, and undisputed and does not reflect full, correct and accurate information."  Ex. 1, ¶10.bb.  Nationwide Lending was further obligated not to submit any loan application "where any use of artifice, fraud, trickery or dishonesty of any kind has been made for the purpose of furthering the loan application."  *Id.*

66.     With regard to each loan that it submitted to ING, Nationwide Lending represented, warranted and covenanted in the Broker Agreement that "[t]here are no circumstances or conditions with respect to a [l]oan, the property securing such [l]oan, the Borrower or the mortgagor or his or her credit standing, except as described in writing, that might adversely affect the value or marketability of the [l]oan or that could reasonably be expected to cause investors in the secondary mortgage market or private mortgage insurers, to regard the [l]oan as unacceptable for prudent investment or to cause the [l]oan to become

COMPLAINT - 21

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

delinquent." Ex. 1, ¶10.q.

67.     Additionally, the Defendant Borrowers entered into Residential Uniform Loan Applications (Fannie Mae form 1003), which provide in pertinent part under the portion entitled "Acknowledgement and Agreement" immediately above the signature of each borrower and Nationwide Lending's representative that "[e]ach of the undersigned specifically represents to Lender . . . and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature . . . ." These representations appear at page 3 of the loan applications of Ruseva, Moolman, Klimenko, Anatoliy Tislenok, Anastasia Tislenok, Nayberger, Kotelevskiy, Svetlana Glinskiy ("Glinskiy"), and Kozhevnikov, which are respectively attached as Exhibits 2 through 10.

68.     The loan applications of each borrower also include the following material misrepresentations:

(a)     Ruseva's stated income in the loan application was approximately three times the amount of actual income.  *See* Exhibit 2.

(b)     On information and belief, Moolman's stated income in the loan application is materially greater than Moolman's actual income.  *See* Exhibit 3.  Further, Moolman stated in the loan application that the property would be used as the primary residence (*id*.); however, on information and belief Moolman has never resided there.

(c)     Klimenko's stated employment in the loan application is the sales manager of Sea Auto Sales with a salary of $17,000 per month.  *See* Exhibit 4. However, Klimenko's actual employment is with International Supplier, LLC, and on information and belief, the stated income is materially greater than Klimenko's actual income.

(d)     On information and belief, Anatoliy Tislenok's stated income in the loan application is materially greater than his actual income. *See* Exhibit 5.  Further, in response to the loan application's question, "Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond or loan

COMPLAINT - 22

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

guarantee?" Anatoliy Tislenok stated "no." *Id.* The true fact, however, is that at the time of the loan application, Anatoliy Tislenok was in default on his mortgage with Westsound Bank, instrument number 200605302506 recorded in King County.

(e)     Anastasia Tislenok's stated employment in the loan application is sales manager for Euro Auto with a salary greater than $11,000 per month. *See* Exhibit 6. However, her actual status is "unemployed."

(f)     Valeriy Nayberger's stated employment in the loan application is a financial director for Euro Auto. *See* Exhibit 7. However Valeriy Nayberger is actually a house painter. Further, his stated income as an employee of Euro Auto in the loan application is approximately seven times greater than his actual income reported to the IRS as a house painter. *Id.*

(g)     Tatyana Kotelevskiy's stated employment in the loan application is a financial director for Euro Auto making over $15,000 per month. *See* Exhibit 8. Tatyana Kotelevskiy did not actually work for Euro Auto. Instead, she is a housewife whose stated income in the loan application is approximately six times greater than the actual income as reported to the IRS. Additionally, Tatyana Kotelevskiy asserted in her loan application that the property would be used as her primary residence (*Id.*); however, Tatyana Kotelevskiy currently resides at a different address in Puyallup, Washington.

(h)     Glinskiy's stated income in the loan application is approximately four times greater than actual income. *See* Exhibit 9.

(i)     Kozhevnikov's stated income in the loan application is materially greater than Kozhevnikov's actual income, further, Kozhevnikov stated in the loan application that the property would be used as the primary residence. *See* Exhibit 10. In fact, Kozhevnikov has never resided at the property.

69.     The material misstatements by the Defendant Borrowers and prepared by Nationwide Lending constitute false representations in the loan application that all of the

COMPLAINT - 23

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1   information was true, correct and undisputed.  At least as to borrowers Ruseva, Moolman,

2   Klimenko, Anatoliy Tislenok, Anastasia Tislenok, Valeriy Nayberger, Tatyana Kotelevskiy, and

3   Glinsky, such misstatements also constitute breaches by Nationwide Lending of its Broker

4   Agreement because these material misrepresentations violate the requirements of ¶¶10.q and

5   10.bb in the Broker Agreement, as stated in paragraphs 67-68.

6           70.     In connection with the Defendant Borrowers' loans, standard Fannie Mae

7   Multistate Notes were executed in favor of ING (the "Notes").  Defendant Borrowers defaulted

8   on their Notes to ING, which were obtained through the Enterprise's fraud.  Each of the

9   Defendant Borrowers has ceased making payments on their respective Notes.  Paragraph 7 of

10  each of the Notes provides that the borrower is in default if the borrower "do[es] not pay the full

11  amount of each monthly payment on the date it is due."  The Notes of Ruseva, Moolman,

12  Klimenko, Anatoliy Tislenok, Nayberger, Kotelevskiy, Glinskiy and Kozhevnikov,

13  respectively, are attached as Exhibits 11 through 18.

14          71.     The Defendant Borrowers' Notes were secured by standard Fannie Mae/Freddie

15  Mac Uniform Deeds of Trust.  The Deeds of Trust of Ruseva, Moolman, Klimenko, Anatoliy

16  Tislenok, Anastasia Tislenok, Nayberger, Kotelevskiy, Glinskiy and Kozhevnikov, respectively,

17  are attached as Exhibits 19 through 27 (the "Deeds of Trust").  Paragraph 8 of each of the Deeds

18  of Trust contains the following provision:

19          "Borrower's Loan Application.  Borrower shall be in default if, during the [l]oan

20          application process, Borrower or any persons or entities acting at the direction of

21          Borrower or with Borrower's knowledge or consent gave materially false,

22          misleading, or inaccurate information or statements to [l]ender (or failed to

23          provide [l]ender with material information) in connection with the [l]oan . . . ."

24          72.     The material misstatements by the Defendant Borrowers as alleged herein

25  violated their obligations under the respective Notes and Deeds of Trust.

26

COMPLAINT - 24

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1

2

3   ///

4   ///

5   ///

6   **FIRST CLAIM FOR RELIEF**

7   **Acquisition and Control of Racketeering Enterprise - RICO, 18 U.S.C. §1962(c)**

8   (Against Defendants Korn and Alla Sobol, and their respective marital communities)

9        73.     ING incorporates by reference Paragraphs 1 through 72 of this Complaint, as

10  though set forth in full herein.

11       74.     As more fully alleged above, Defendant Managers maintained, directly and

12  indirectly, an interest in or control of a RICO enterprise of individuals and entities who were

13  associated in fact and who engaged in activities that affected interstate commerce, in violation

14  of 18 U.S.C. §§1961(1)(B) and 1962(c).

15       75.     As more fully alleged above, Defendant Managers also maintained, directly and

16  indirectly, an interest in or control of a RICO Enterprise of individuals and entities who were

17  associated in fact and who engaged in fraud against a financial institution and fraud using the

18  U.S. Postal Service, in violation of 18 U.S.C. §§1962(c), 1341 and 1344.

19       76.     As more fully alleged above, Defendant Managers further conducted and

20  participated, directly and indirectly, in the conduct of the affairs of the RICO enterprise through

21  a pattern of racketeering activity, all in violation of 18 U.S.C. §1962(c).

22       77.     As more fully alleged above, Defendant Managers also committed two or more

23  predicate acts of fraud against a financial institution and fraud using the U.S. Postal Service in a

24  manner which they calculated and premeditated intentionally to be a continuing threat of

25  racketeering activities, also in violation of 18 U.S.C. §1962(c).

26       78.     As more fully alleged above, Defendant Managers used the U.S. Postal Service

COMPLAINT - 25

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

as an instrument of the initial fraud, conspiracy to commit fraud, and in the continuation of this fraud against a financial institution, in violation of 18 U.S.C. §§1341 and 1962(c).

79.     As more fully alleged above, Defendant Managers committed fraud against a financial institution by recruiting Defendant Borrowers, the other Defendant Conspirators and the Nonparty Conspirators to obtain mortgage loans and related fees, respectively, based upon a pattern of deceptive practices of submitting false statements and fraudulent support for loan documents, as described more fully above, in violation of 18 U.S.C. §§1344 and 1962(c).

80.     As more fully alleged above, during the two calendar years preceding the date of the filing of this lawsuit, both Defendant Managers cooperated jointly and severally in the commission of nine or more of the RICO predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution, as itemized at 18 U.S.C. §§1961(1)(B), and did so in violation of 18 U.S.C. §1962(c).

81.     The Defendant Managers' predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution have the same and common purpose of financial gain through mortgage fraud, which is a "pattern of racketeering activity."

82.     The Defendant Managers' predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution have the same or similar methods, as described more fully above.

83.     The Defendant Managers' predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution all have the same victim, namely ING, a federally chartered savings bank.

84.     The Defendant Managers' predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution all have the same result: ING's funding of undersecured and non-performing mortgage loans and payment of fees based upon false information from which Defendant Managers have profited financially and ING has suffered losses equal to the undersecured value of the loans and the fees and other payments to Defendant Conspirators and

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1   Nonparty Conspirators in connection with the loans, plus costs and attorneys' fees.

2   ///

3   ///

4   ///

5   ///

6   ### SECOND CLAIM FOR RELIEF

7   **Conspiracy to Conduct and Participate in Racketeering Enterprise**

8   **- RICO, 18 U.S.C. §1962(d)**

9   (Against Defendants Emerald City Escrow; David Sobol; Nationwide Lending; the Sobol

10  Family LP; Euro Auto; Mokhnach; Ruseva; Moolman; Klimenko; Anatoliy Tislenok; Vera

11  Tislenok; Anastasia Tislenok; Oleg Tislenok; Valeriy Nayberger; Dina Nayberger; Tatyana

12  Kotelevskiy; Igor Kotelevskiy; Kozhevnikov; and their marital communities, as applicable)

13      85.     ING incorporates by reference Paragraphs 1 through 84 of this Complaint, as

14  though set forth in full herein.

15      86.     As more fully alleged above, Defendant Conspirators and Nonparty Conspirators

16  conspired to maintain an interest in a RICO enterprise engaged in a pattern of racketeering

17  activity, whose activities affected interstate commerce, in violation of 18 U.S.C. §§1961(1)(B)

18  and 1962(d).

19      87.     As more fully alleged above, Defendant Conspirators and Nonparty Conspirators

20  also conspired to conduct and participate in a RICO enterprise through a pattern of racketeering

21  activity of fraud against a financial institution and fraud using the U.S. Postal Service, in

22  violation of 18 U.S.C. §§1962(d), 1341, and 1344.

23      88.     As more fully alleged above, Defendant Conspirators and Nonparty Conspirators

24  used the U.S. Postal Service as an instrument of the initial fraud, conspiracy to commit fraud,

25  and in the continuation of this fraud against a financial institution, in violation of 18 U.S.C.

26  §§1341 and 1962(d).

COMPLAINT - 27

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

89.     As more fully alleged above, Defendant Conspirators and Nonparty Conspirators committed fraud against a financial institution by obtaining mortgage loans and related fees based upon a pattern of deceptive practices including submitting false statements and fraudulent support for loan documents, in violation of 18 U.S.C. §§1344 and 1962(d).

90.     As more fully alleged above, during the two calendar years preceding the filing of this action, all Defendant Conspirators and Nonparty Conspirators cooperated jointly and severally in the commission of nine or more of the RICO predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution, as itemized at 18 U.S.C. §§1961(1)(B), and did so in violation of 18 U.S.C. 1962(d).

91.     The predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution have the same and common purpose of financial gain through mortgage fraud, which is a "pattern of racketeering activity."

92.     The predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution all have the same or similar methods, as described more fully above.

93.     The predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution have the same victim, namely ING, a federally chartered savings bank.

94.     The predicate acts of fraud using the U.S. Postal Service and fraud against a financial institution all have the same result: ING's funding of undersecured and nonperforming mortgage loans and payment of fees as a result of which Defendant Conspirators and Nonparty Conspirators have profited financially and ING has suffered losses equal to the undersecured value of the loans and the fees and other payments to Defendant Conspirators and Nonparty Conspirators in connection with the loans, plus costs and attorneys' fees.


## THIRD CLAIM FOR RELIEF

**Leading Organized Crime - Washington Criminal Profiteering Act, RCW 9A.82.060**

(Against Defendants Korn and Alla Sobol, and their respective marital communities)

COMPLAINT - 28

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

95.   ING incorporates by reference Paragraphs 1 through 94 of this Complaint, as though set forth in full herein.

96.   As more fully alleged above, Defendant Managers controlled and conducted the affairs of the racketeering enterprise through a pattern of criminal profiteering through mortgage fraud, as defined in RCW 9A.82.010(1)(qq), in violation of RCW 9A.82.060(1)(a) and RCW 9A.82.010(1)(s).

97.   As more fully alleged above, Defendant Managers committed mortgage fraud by recruiting and assisting Defendant Borrowers and other Defendant Conspirators and Nonparty Conspirators to obtain mortgage loans and related fees based upon a pattern of deceptive practices of submitting false statements and fraudulent support for loan documents, in violation of RCW 19.144.080.

98.   As more fully alleged above, during the two calendar years preceding the filing of this lawsuit, both Defendant Managers cooperated jointly and severally in the commission of eight or more of the criminal profiteering acts of mortgage fraud, in violation of RCW 9.A.82.060 and RCW 9A.82.010(1)(s).

99.   The predicate acts of mortgage fraud all have the same and common purpose of financial gain through mortgage fraud, which is a "pattern of racketeering activity."

100.   The predicate acts of mortgage fraud all have the same or similar methods, as described more fully above.

101.   The predicate acts of mortgage fraud all have the same victim, namely ING, a federally chartered savings bank.

102.   The predicate acts of mortgage fraud all have the same result of funding by ING of undersecured and nonperforming mortgage loans and payment of fees as a result of which the Defendant Managers have profited financially and from which ING has suffered losses.

///

///

COMPLAINT - 29

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    ///

2    ///

3    ///

4    ///

5    ///

6    **FOURTH CLAIM FOR RELIEF**

7    **Use of Proceeds of Criminal Profiteering, Controlling Enterprise and Conspiracy to**

8    **Commit Organized Crime - Washington Criminal Profiteering Act, RCW 9A.82.080**

9    (Against Defendants Korn; Alla Sobol; Emerald City Escrow; David Sobol; Nationwide

10   Lending; the Sobol Family LP; Euro Auto; Mokhnach; Ruseva; Moolman; Klimenko; Anatoliy

11   Tislenok; Vera Tislenok; Anastasia Tislenok; Oleg Tislenok; Valeriy Nayberger; Dina

12   Nayberger; Tatyana Kotelevskiy; Igor Kotelevskiy; Kozhevnikov; and their marital

13   communities, as applicable)

14       103.    ING incorporates by reference Paragraphs 1 through 102 of this Complaint, as

15   though set forth in full herein.

16       104.    As more fully alleged above, Defendant Managers maintained, directly and

17   indirectly, an interest in or control of a racketeering enterprise of individuals and entities who

18   were associated in fact and who engaged in a pattern of criminal profiteering through mortgage

19   fraud, as defined in RCW 9A.82.010(1)(qq), in violation of RCW 9A.82.080(2)(a)

20       105.    As more fully alleged above, Defendant Conspirators and Nonparty Conspirators

21   maintained, directly and indirectly, an interest in or control of a racketeering enterprise of

22   individuals and entities who were associated in fact and who engaged in a pattern of criminal

23   profiteering through mortgage fraud, as defined in RCW 9A.82.010(1)(qq), in violation of RCW

24   9A.82.080(2)(a).

25       106.    As more fully alleged above, Defendant Managers knowingly received proceeds

26   derived directly or indirectly from a pattern of criminal profiteering activity to invest in the

COMPLAINT - 30

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    establishment and operation of an enterprise in violation of RCW 9A.82.080(1)(a).

2    107.    As more fully alleged above, Defendant Conspirators and Nonparty Conspirators

3    knowingly received proceeds derived, directly or indirectly, from a pattern of criminal

4    profiteering activity the purpose of which was to invest in the acquisition of equity in real

5    property and/or in the establishment and operation of an enterprise, in violation of RCW

6    9A.82.080(1)(a).

7    108.    Defendant Managers, Defendant Conspirators and Nonparty Conspirators

8    participated in an enterprise of criminal profiteering through mortgage fraud by obtaining

9    mortgage loans and related fees based upon a pattern of deceptive practices including the

10    submission of false statements and fraudulent support for loan documents, as described more

11    fully above.

12    109.    As more fully alleged above, during the two calendar years preceding the filing

13    of this action, Defendant Managers, Defendant Conspirators and Nonparty Conspirators

14    cooperated, jointly and severally, in the commission of nine or more of the criminal profiteering

15    acts of mortgage fraud, in violation of RCW 9A.82.080.

16    110.    The predicate acts of mortgage fraud all have the same and common purpose of

17    financial gain through mortgage fraud, which is a "pattern of racketeering activity."

18    111.    The predicate acts of mortgage fraud all have the same or similar methods, as

19    described more fully above.

20    112.    The predicate acts of mortgage fraud all have the same victim, namely ING, a

21    federally chartered savings bank.

22    113.    The predicate acts of mortgage fraud all have the same result of ING's funding

23    of undersecured and nonperforming mortgage loans as a result of which the Defendant

24    Managers, Defendant Conspirators and Nonparty Conspirators have profited financially and

25    ING has suffered losses.

26

COMPLAINT - 31

**LAW OFFICES OF**
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1

## FIFTH CLAIM FOR RELIEF

2

### Fraud in the Inducement

3

(Against Defendants Ruseva, her marital community, if any, and Nationwide Lending)

4        114.    ING incorporates by reference Paragraphs 1 through 113 of this Complaint, as

5    though set forth in full herein.

6        115.    Ruseva and Nationwide Lending prepared and submitted a loan application to

7    ING to secure a loan for the purchase of property located at 4528 Heron Ridge Drive NE,

8    Tacoma, Pierce County, Washington, 98422.

9        116.    As more fully alleged above, Ruseva and Nationwide Lending intentionally and

10   materially misstated Ruseva's income in the loan application submitted to ING, for the purpose

11   of inducing ING to make the loan to Ruseva, and to pay origination and other fees to

12   Nationwide Lending pursuant to the loan.  Ruseva and Ben Klimok, on behalf of Nationwide

13   Lending, falsely stated Ruseva's income to Bill Higgins, ING's Chief Loan Officer.

14       117.    As more fully alleged above, Ruseva and Nationwide Lending intentionally

15   inflated Ruseva's income to approximately three times its actual amount in furtherance of their

16   fraudulent scheme to induce ING to make the loan to Ruseva.

17       118.    As more fully alleged above, Nationwide knowingly obtained and submitted with

18   the loan application a home appraisal in an amount which materially overstated the value of the

19   property subject to the loan.

20       119.    ING reasonably made a loan to Ruseva based on the fraud in the loan application

21   and executed a Note evidencing the mortgage (Exhibits 2 and 11, respectively), which was

22   secured by a Deed of Trust executed by Ruseva on June 9, 2008 and recorded on June 25, 2008

23   in the Official Records of Pierce County, Washington, instrument number 200806250534

24   (Exhibit 19).

25       120.    ING is informed, believes, and thereon alleges that, at the time of execution of

26   the loan, Ruseva and Nationwide Lending failed to disclose to ING that Ruseva did not and

COMPLAINT - 32

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

would not have been able to earn the amount of income as represented in the loan application.

121.    Ruseva and Nationwide Lending deliberately and knowingly concealed the true facts known to them and/or failed to make any reasonable inquiry as to the true facts regarding Ruseva's financial ability, financial status, and creditworthiness to purchase the property.

122.    When ING executed the Note, ING had no reason to know of the true facts that Ruseva's income was substantially less than the amount falsely stated in the loan application. In addition, when ING executed the Note and Deed of Trust, Ruseva made affirmative written representations in the Deed of Trust that:

> "Borrower shall be in default if, during the Loan application process, Borrower
> or any persons or entities acting at the direction of Borrower or with
> Borrower's knowledge or consent gave materially false, misleading, or
> inaccurate information or statements to Lender (or failed to provide Lender
> with material information) in connection with the Loan.   Material
> representations include, but are not limited to, representations concerning
> Borrower's occupancy of the Property as Borrower's principal residence."

Exhibit 19, ¶8.

123.    As described above, these representations, warranties, and covenants were false. Ruseva and Nationwide knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Ruseva and Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

124.    In reasonable reliance upon the false statements of material fact, concealment, and intentional material nondisclosures by Ruseva and Nationwide Lending (as set forth above), ING entered into the Ruseva Note and Deed of Trust on or about June 9, 2008 and made the loan to and/or for the benefit of Ruseva in the amount of approximately $935,500 and paid fees to Nationwide Lending in the amount of approximately $28,125.  The loan and fees would not

COMPLAINT - 33

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

have been paid had ING known the true facts.  Had Ruseva and Nationwide Lending made all of the proper disclosures called for in the loan application to ING, including the true amount of income, ING would not have entered into the loan, nor would it have advanced any funds to Ruseva nor paid any amounts to Nationwide Lending.

125.    ING's reliance on statements made by Ruseva and Nationwide Lending was reasonable and justified because, among other things, on information and belief, Ruseva certified the truth of the statements in the loan application submitted by Nationwide Lending pursuant to its obligations under its Broker Agreement, and Ruseva further agreed that "the Lender . . . may continuously rely on the information contained in the application . . . ."  Exhibit 2, p. 3.

126.    ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Ruseva and Nationwide Lending (as set forth above).  As a direct and proximate result of Ruseva and Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $965,625 (the unpaid balance of the fraudulently-induced loan plus broker's fees), plus costs and attorneys' fees in pursuing recovery of the loan balance.  Moreover, Ruseva and Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

## SIXTH CLAIM FOR RELIEF

### Fraud in the Inducement

(Against Defendants Moolman, his marital community, if any, and Nationwide Lending)

127.    ING incorporates by reference Paragraphs 1 through 126 of this Complaint, as though set forth in full herein.

128.    Moolman and Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the purchase of property located at 425 O Street SW, Quincy, Grant

COMPLAINT - 34

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

County, Washington, 98848.

129.    As more fully alleged above, Moolman and Nationwide Lending intentionally and materially misstated Moolman's income, employment and occupancy in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Moolman, and to pay origination and other fees to Nationwide Lending in connection with the loan. Moolman and Vlad Diddy, on behalf of Nationwide Lending, falsely stated Moolman's income, employment and occupancy to Bill Higgins, ING's Chief Loan Officer.

130.    Moolman and Nationwide Lending intentionally submitted falsified copies of income and employment documents in furtherance of their fraudulent scheme to induce ING to make the loan to Moolman.

131.    Nationwide Lending knowingly obtained and submitted with the loan application a home appraisal in an amount which materially overstated the value of the property subject to the loan.

132.    ING reasonably made a loan to Moolman based on the fraud in the loan application and executed a Note (Exhibits 3 and 12, respectively), which was secured by a Deed of Trust executed by Moolman on December 19, 2007 and recorded on December 28, 2007 in the Official Records of Grant County, Washington, instrument number 1229239 (Exhibit 20).

133.    ING is informed, believes, and thereon alleges that, at the time of execution of the loan, Moolman and Nationwide Lending failed to disclose to ING that Moolman did not and would not have been able to earn the amount of income, did not intend to occupy the property as the primary residence, and did not work at the employer, as represented in the loan application.

134.    Moolman and Nationwide Lending deliberately and knowingly concealed the true facts known to them and/or failed to make any reasonable inquiry as to the true facts from which representations were made regarding Moolman's financial ability, financial status, occupancy and creditworthiness to purchase the property.

135.    Without having any sufficient basis on which to make any representations,

COMPLAINT - 35

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  Moolman and Nationwide Lending knowingly made false representations, and concealed the

2  true facts in Moolman's loan application.

3      136.    When ING executed the Note, ING had no reason to know of the true facts that

4  Moolman's income was substantially less than the amount falsely stated in the loan application,

5  that he did not intend to use the property as his primary residence and that the stated employer

6  was not Moolman's actual employer.  In addition, when ING executed the Note and Deed of

7  Trust, Moolman made the same affirmative written representation set forth in paragraph 124

8  above.

9      137.    As described above, these representations, warranties, and covenants were false.

10  Moolman and Nationwide Lending knew that ING relied on their false representations,

11  warranties and covenants in executing the loan.  On information and belief, Moolman and

12  Nationwide Lending knew that ING would not have made the loan without such

13  representations, warranties and covenants.

14      138.    In reasonable reliance upon the false statements of material fact, concealment,

15  and intentional material nondisclosures by Moolman and Nationwide Lending (as set forth

16  above), ING entered into the Moolman Note and Deed of Trust on or about December 19, 2007

17  and made the loan to and/or for the benefit of Moolman in the amount of approximately

18  $364,000 and paid fees to Nationwide Lending in the amount of approximately $8,235.  The

19  loan would not have been made and fees would not have been paid had ING known the true

20  facts.  Had Moolman and Nationwide Lending made all of the proper disclosures called for in

21  the loan application to ING, including the true amount of income, intended occupancy, and

22  employment information, ING would not have entered into the loan, nor would it have

23  advanced any funds to Moolman nor paid any amounts to Nationwide Lending.

24      139.    ING's reliance on statements made by Moolman and Nationwide was reasonable

25  and justified because, among other things, Moolman certified the truth of the statements in the

26  loan application submitted by Nationwide Lending pursuant to its Broker Agreement

COMPLAINT - 36

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

obligations, and Moolman further agreed that "the Lender . . . may continuously rely on the information contained in the application . . . ."  Exhibit 3, p. 3.

140.    ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Moolman and Nationwide Lending (as set forth above).  As a direct and proximate result of Moolman and Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $372,235 (the unpaid balance of the fraudulently-induced loan plus broker's fees), plus costs and attorneys' fees in pursuing recovery of the loan balance. Moreover, Moolman and Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

## SEVENTH CLAIM FOR RELIEF

### Fraud in the Inducement

(Against Defendants Klimenko, his marital community, if any, and Nationwide Lending)

141.    ING incorporates by reference Paragraphs 1 through 140 of this Complaint, as though set forth in full herein.

142.    Klimenko and Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the refinance of property located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.

143.    As more fully alleged above, Klimenko and Nationwide Lending intentionally and materially misstated Klimenko's income and employment in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Klimenko, and to pay origination and other fees to Nationwide Lending pursuant to the loan.  Klimenko and Alla Sobol, on behalf of Nationwide Lending, falsely stated Klimenko's income and employment to Bill Higgins, ING's Chief Loan Officer.

144.    Klimenko and Nationwide Lending intentionally inflated the borrower's income

COMPLAINT - 37

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  in furtherance of their fraudulent scheme to induce ING to make the loan to Klimenko.

2       145.    Nationwide Lending knowingly obtained and submitted with the loan application

3  a home appraisal in an amount which materially overstated the value of the property subject to

4  the loan.

5       146.    ING reasonably made a loan to Klimenko based on the fraud in the loan

6  application and executed a Note evidencing the mortgage (Exhibits 4 and 13, respectively),

7  which was secured by a Deed of Trust executed by Klimenko on November 30, 2007 and

8  recorded on December 5, 2007 in the Official Records of Snohomish County, Washington,

9  instrument number 200712050510 (Exhibit 21).

10      147.    ING is informed, believes, and thereon alleges that, at the time of execution of

11  the loan, Klimenko and Nationwide Lending failed to disclose to ING that Klimenko did not

12  and would not have been able to earn the amount of claimed income, did not intend to occupy

13  the property as the primary residence, and did not work at the employer, as represented in the

14  loan application.

15      148.    Klimenko and Nationwide Lending deliberately and knowingly concealed the

16  true facts known to them and/or failed to make any reasonable inquiry as to the true facts from

17  which representations were made regarding Klimenko's financial ability, financial status, and

18  creditworthiness to refinance the property.

19      149.    Without having any sufficient basis on which to make any representations,

20  Klimenko and Nationwide Lending knowingly made false representations, and concealed the

21  true facts in Klimenko's loan application.

22      150.    When ING executed the Note, ING had no reason to know of the true facts that

23  Klimenko's income was substantially less than the amount falsely stated in the loan application,

24  that he did not intend to use the property as his primary residence, and that the stated employer

25  was not the actual employer.  In addition, when ING executed the Note and Deed of Trust,

26  Klimenko made the same affirmative written representation set forth in paragraph 124 above.

COMPLAINT - 38

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

151.     As described above, these representations, warranties, and covenants were false. Klimenko and Nationwide Lending knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Klimenko and Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

152.     In reasonable reliance upon the false statements of material fact, concealment, and intentional material nondisclosures by Klimenko and Nationwide Lending (as set forth above), ING entered into the Klimenko Note and Deed of Trust on or about November 30, 2007 and made the loan to and/or for the benefit of Klimenko in the amount of approximately $600,000 and paid fees to Nationwide Lending in the amount of approximately $5,250.  The loan would not have been made and fees would not have been paid had ING known the true facts.  Had Klimenko and Nationwide Lending made all of the proper disclosures called for in the loan application to ING, including the true amount of income, intended occupancy, and employment information, ING would not have entered into the loan, nor would it have advanced any funds to Klimenko nor paid any amounts to Nationwide Lending.

153.     ING's reliance on statements made by Klimenko and Nationwide Lending was reasonable and justified because, among other things, Klimenko certified the truth of the statements in the loan application submitted by Nationwide Lending pursuant to its obligations under the Broker Agreement, and further agreed that "the Lender . . . may continuously rely on the information contained in the application . . . ."  Exhibit 4, p. 3.

154.     ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Klimenko and Nationwide Lending (as set forth above).  As a direct and proximate result of Klimenko and Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $605,250 (the unpaid balance of the fraudulently-induced loan plus broker's fees), plus costs and attorneys' fees in pursuing recovery of the loan balance.

COMPLAINT - 39

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Moreover, Klimenko and Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

///

///

///

### EIGHTH CLAIM FOR RELIEF

**Fraud in the Inducement**

(Against Defendants Anatoliy Tislenok, Vera Tislenok, their marital community, and Nationwide Lending)

155.   ING incorporates by reference Paragraphs 1 through 154 of this Complaint, as though set forth in full herein.

156.   Anatoliy Tislenok and Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the refinance of property located at 36030 21st Lane Street, Federal Way, King County, Washington, 98003.

157.   As more fully alleged above, Anatoliy Tislenok and Nationwide Lending intentionally and materially misstated Anatoliy Tislenok's income and employment in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Anatoliy Tislenok, and to pay origination and other fees to Nationwide Lending pursuant to the loan. Anatoliy Tislenok and Viktor Kobzar, on behalf of Nationwide Lending, falsely stated Anatoliy Tislenok income and employment to Bill Higgins, ING's Chief Loan Officer.

158.   Anatoliy Tislenok and Nationwide Lending intentionally submitted falsified copies of income and employment documents in furtherance of their fraudulent scheme to induce ING to make the loan to Anatoliy Tislenok.

159.   Nationwide Lending knowingly obtained and submitted with the loan application a home appraisal in an amount which materially overstated the value of the property subject to the loan.

COMPLAINT - 40

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

160.    ING reasonably made a loan to Anatoliy Tislenok based on the fraud in the loan application and executed a Note evidencing the mortgage (Exhibits 5 and 14, respectively), which was secured by a Deed of Trust executed by Anatoliy Tislenok and Vera Tislenok on May 2, 2008 and recorded on May 14 2008 in the Official Records of Pierce County, Washington, instrument number 200805140705 (Exhibit 22).

161.    ING is informed, believes, and thereon alleges that, at the time of execution of the loan, Anatoliy Tislenok and Nationwide Lending failed to disclose to ING that Anatoliy Tislenok did not and would not have been able to earn the amount of claimed income, and did not work at the represented employer, as stated in the loan application.

162.    Anatoliy Tislenok and Nationwide Lending deliberately and knowingly concealed the true facts known to them and/or failed to make any reasonable inquiry as to the true facts known to them or failed to make any reasonable investigation to determine the true facts from which representations were made regarding Anatoliy Tislenok's financial ability, financial status, and creditworthiness to refinance the property.

163.    Without having any sufficient basis on which to make any representations, Anatoliy Tislenok and Nationwide Lending knowingly made false representations, and concealed the true facts in Anatoliy Tislenok's loan application.

164.    When ING executed the Note, ING had no reason to know of the true facts that Anatoliy Tislenok's income was substantially less than the amount falsely stated in the loan application and that his stated employer was not his actual employer.  In addition, when ING executed the Note and Deed of Trust, Anatoliy Tislenok and Vera Tislenok made the same affirmative written representation set forth in paragraph 124 above.

165.    As described above, these representations, warranties, and covenants were false. Anatoliy Tislenok, Vera Tislenok and Nationwide knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Anatoliy Tislenok, Vera Tislenok and Nationwide Lending knew that ING would not have

COMPLAINT - 41

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  made the loan without such representations, warranties and covenants.

2         166.    In reliance upon the false statements of material fact, concealment, and

3  intentional material nondisclosures by Anatoliy Tislenok, Vera Tislenok and Nationwide

4  Lending (as set forth above), ING reasonably entered into the Anatoliy Tislenok Note and Deed

5  of Trust on or about May 2, 2008 and made the loan to and/or for the benefit of Anatoliy

6  Tislenok and Vera Tislenok in the amount of approximately $720,000 and paid fees to

7  Nationwide Lending in the amount of approximately $22,175.  The loan and fees would not

8  have been paid had ING known the true facts.  Had Anatoliy Tislenok and Nationwide Lending

9  made all of the proper disclosures called for in the loan application to ING, including the true

10  amount of income and employment information, ING would not have entered into the loan, nor

11  would it have advanced any funds to Anatoliy Tislenok nor paid any amounts to Nationwide

12  Lending.

13         167.    ING's reliance on statements made by Anatoliy Tislenok, Vera Tislenok and

14  Nationwide was reasonable and justified because, among other things, on information and

15  belief, Anatoliy Tislenok certified the truth of the statements in the loan application submitted

16  by Nationwide Lending pursuant to its obligations under the Broker Agreement, and further

17  agreed that "the Lender . . . may continuously rely on the information contained in the

18  application . . . ."  Exhibit 5, p. 3.

19         168.    ING reasonably and detrimentally relied upon the false statements of material

20  fact, concealment, and intentional material nondisclosures by Anatoliy and Vera Tislenok and

21  Nationwide Lending (as set forth above).  As a direct and proximate result of Anatoliy Tislenok,

22  Vera Tislenok and Nationwide Lending's wrongful conduct, ING has been defrauded and

23  deceived, and has suffered damages in the amount of at least $742,175 (the unpaid balance of

24  the fraudulently induced loan plus broker's fees), plus costs and attorneys' fees in pursuing

25  recovery of the loan balance.  Moreover, Anatoliy Tislenok, Vera Tislenok and Nationwide

26  Lending's fraudulent acts and omissions have rendered the loan without value in the secondary

COMPLAINT - 42

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  market.

2  ///

3  ///

4  ///

5  ///

6  ### NINTH CLAIM FOR RELIEF

7  **Fraud in the Inducement**

8  (Against Defendants Anastasia Tislenok, Oleg Tislenok, their marital community and

9  Nationwide Lending)

10  169.    ING incorporates by reference Paragraphs 1 through 168 of this Complaint, as

11  though set forth in full herein.

12  170.    Anastasia Tislenok and Nationwide Lending prepared and submitted a loan

13  application to ING to secure a loan for the refinance of property located at 36058 21st Lane

14  Street, Federal Way, King County, Washington, 98003

15  171.    As more fully alleged above, Anastasia Tislenok and Nationwide Lending

16  intentionally and materially misstated Anastasia Tislenok's income and employment in the loan

17  application submitted to ING, for the purpose of inducing ING to make the loan to Anastasia

18  Tislenok, and to pay origination and other fees to Nationwide Lending pursuant to the loan.

19  Anastasia Tislenok and Viktor Kobzar, on behalf of Nationwide Lending, falsely stated

20  Anastasia Tislenok's income and employment to Bill Higgins, ING's Chief Loan Officer.

21  172.    Anastasia Tislenok and Nationwide Lending intentionally inflated the borrower's

22  income to approximately twice its actual amount in furtherance of their fraudulent scheme to

23  induce ING to make the loan to Anastasia Tislenok.

24  173.    Nationwide knowingly obtained and submitted with the loan application a home

25  appraisal in an amount which materially overstated the value of the property subject to the loan.

26  174.    ING reasonably made a loan to Anastasia Tislenok based on the fraud in the loan

COMPLAINT - 43

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

application (Exhibit 6) and executed a Note evidencing the mortgage, which was secured by a Deed of Trust executed by Anastasia Tislenok and Oleg Tislenok and recorded on March 12, 2008 in the Official Records of King County, Washington, instrument number 200803121684 (Exhibit 23).

175.    ING is informed, believes, and thereon alleges that, at the time of execution of the loan, Anastasia Tislenok and Nationwide Lending failed to disclose to ING that Anastasia Tislenok did not and would not have been able to earn the amount of claimed income, and did not work at the represented employer, as stated in the loan application.

176.    Anastasia Tislenok and Nationwide Lending deliberately and knowingly concealed the true facts known to them and/or failed to make any reasonable inquiry as to the true facts from which representations were made regarding Anastasia Tislenok's financial ability, financial status, and creditworthiness to refinance the property.

177.    Without having any sufficient basis on which to make any representations, Anastasia Tislenok and Nationwide Lending knowingly made false representations, and concealed the true facts in Anastasia Tislenok's loan application.

178.    When ING executed the Note, ING had no reason to know of the true facts that Anastasia Tislenok's income was substantially less than the amount falsely stated in the loan application and that the stated employer was not her actual employer.  In addition, when ING executed the Note and Deed of Trust, Anastasia Tislenok and Oleg Tislenok made the same affirmative written representation set forth in paragraph 124 above.

179.    As described above, these representations, warranties, and covenants were false. Anastasia Tislenok, Oleg Tislenok and Nationwide knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Anastasia Tislenok, Oleg Tislenok and Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

180.    In reliance upon the false statements of material fact, concealment, and

COMPLAINT - 44

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1   intentional material nondisclosures by Anastasia Tislenok, Oleg Tislenok and Nationwide

2   Lending (as set forth above), ING reasonably entered into the Anastasia Tislenok Note and

3   Deed of Trust and made the loan to and/or for the benefit of Anastasia Tislenok and Oleg

4   Tislenok in the amount of approximately $740,000 and paid fees to Nationwide Lending in the

5   amount of approximately $19,890.  The loan and fees would not have been paid had ING

6   known the true facts.  Had Anastasia Tislenok and Nationwide Lending made all of the proper

7   disclosures called for in the loan application to ING, including the true amount of income and

8   employment information, ING would not have entered into the loan, nor would it have

9   advanced any funds to Anastasia Tislenok nor paid any amounts to Nationwide Lending.

10          181.   ING's reliance on statements made by Anastasia Tislenok, Oleg Tislenok and

11   Nationwide was reasonable and justified because, among other things, Anastasia Tislenok

12   certified the truth of the statements in the loan application submitted by Nationwide Lending

13   pursuant to its obligations under the Broker Agreement, and further agreed "the Lender . . . may

14   continuously rely on the information contained in the application . . . ."  Exhibit 6, p. 3.

15          182.   ING reasonably and detrimentally relied upon the false statements of material

16   fact, concealment, and intentional material nondisclosures by Anastasia and Oleg Tislenok and

17   Nationwide Lending (as set forth above).  As a direct and proximate result of Anastasia

18   Tislenok, Oleg Tislenok and Nationwide Lending's wrongful conduct, ING has been defrauded

19   and deceived, and has suffered damages in the amount of at least $759,890 (the unpaid balance

20   of the fraudulently induced loan plus broker's fees), plus costs and attorneys' fees in pursuing

21   recovery of the loan balance.  Moreover, Anastasia Tislenok, Oleg Tislenok and Nationwide

22   Lending's fraudulent acts and omissions have rendered the loan without value in the secondary

23   market.

24

25

26

COMPLAINT - 45

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

## TENTH CLAIM FOR RELIEF

### Fraud in the Inducement

(Against Defendants Valeriy Nayberger, Dina Nayberger, their marital community and

Nationwide Lending)

183.    ING incorporates by reference Paragraphs 1 through 182 of this Complaint, as though set forth in full herein.

184.    Valeriy Nayberger and Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the refinance of property located at 2908 44th Avenue NW, Tacoma, Pierce County, Washington, 98422.

185.    As more fully alleged above, Valeriy Nayberger and Nationwide Lending intentionally and materially misstated Valeriy Nayberger's income and employment in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Valeriy Nayberger, and to pay origination and other fees to Nationwide Lending pursuant to the loan. Valeriy Nayberger and Viktor Kobzar, on behalf of Nationwide Lending, falsely stated Valeriy Nayberger's income and employment to Bill Higgins, ING's Chief Loan Officer.

186.    Valeriy Nayberger and Nationwide Lending intentionally inflated the borrower's income to approximately seven times its actual amount in furtherance of their fraudulent scheme to induce ING to make the loan to Valeriy Nayberger.

187.    Nationwide knowingly obtained and submitted with the loan application a home appraisal in an amount which materially overstated the value of the property subject to the loan.

188.    ING reasonably made a loan to Valeriy Nayberger based on the fraud in the loan application and executed a Note evidencing the mortgage (Exhibits 7 and 15, respectively), which was secured by a Deed of Trust executed by Valeriy Nayberger and Dina Nayberger on May 15, 2008 and recorded on May 22, 2008 in the Official Records of Pierce County, Washington, instrument number 200805220554 (Exhibit 24).

189.    ING is informed, believes, and thereon alleges that, at the time of execution of

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

the loan, Valeriy Nayberger and Nationwide Lending failed to disclose to ING that Valeriy Nayberger did not and would not have been able to earn the amount of claimed income, and did not work at the represented employer, as stated in the loan application.

190.     Valeriy Nayberger, Dina Nayberger and Nationwide Lending deliberately and knowingly concealed the true facts known to them and/or failed to make any reasonable inquiry as to the true facts known to them or failed to make any reasonable investigation to determine the true facts from which representations were made regarding Valeriy Nayberger's financial ability, financial status, and creditworthiness to refinance the property.

191.     Without having any sufficient basis on which to make any representations, Valeriy Nayberger, Dina Nayberger and Nationwide Lending knowingly made false representations, and concealed the true facts in Valeriy Nayberger's loan application.

192.     When ING executed the Note, ING had no reason to know of the true facts that Valeriy Nayberger's income was substantially less than the amount falsely stated in the loan application and that the stated employer was not their actual employer.  In addition, when ING executed the Note and Deed of Trust, Valeriy and Dina Nayberger made the same affirmative written representation set forth in paragraph 124 above.

193.     As described above, these representations, warranties, and covenants were false. Valeriy Nayberger, Dina Nayberger and Nationwide knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Valeriy Nayberger, Dina Nayberger and Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

194.     In reliance upon the false statements of material fact, concealment, and intentional material nondisclosures by Valeriy Nayberger, Dina Nayberger and Nationwide Lending (as set forth above), ING reasonably entered into the Nayberger Note and Deed of Trust on or about May 15, 2008 and made the loan to and/or for the benefit of Valeriy Nayberger and Dina Nayberger in the amount of approximately $780,000 and paid fees to

COMPLAINT - 47

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Nationwide Lending in the amount of approximately $23,230.  The loan and fees would not have been paid had ING known the true facts.  Had Valeriy Nayberger, and Nationwide Lending made all of the proper disclosures called for in the loan application to ING, including the true amount of income and employment information, ING would not have entered into the loan, nor would it have advanced any funds to Valeriy Nayberger nor paid any amounts to Nationwide Lending.

195.    ING's reliance on statements made by Valeriy Nayberger, Dina Nayberger and Nationwide Lending was reasonable and justified because, among other things, Valeriy Nayberger certified the truth of the statements in the loan application submitted by Nationwide Lending pursuant to its obligations under the Broker Agreement, and further agreed that "the Lender . . . may continuously rely on the information contained in the application . . . ."  Exhibit 7, p. 3.

196.    ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Valeriy and Dina Nayberger and Nationwide Lending (as set forth above).  As a direct and proximate result of Valeriy Nayberger, Dina Nayberger and Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $803,230 (the unpaid balance of the fraudulently induced loan plus broker's fees), plus costs and attorneys' fees in pursuing recovery of the loan balance.  Moreover, Valeriy Nayberger, Dina Nayberger and Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

## ELEVENTH CLAIM FOR RELIEF

### Fraud in the Inducement

(Against Defendants Tatyana Kotelevskiy, Igor Kotelevskiy, their marital community and

Nationwide Lending)

COMPLAINT - 48

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

197.     ING incorporates by reference Paragraphs 1 through 196 of this Complaint, as though set forth in full herein.

198.     Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the refinance of property located at 23728 29th Avenue West, Brier, Snohomish County, Washington, 98036.

199.     As more fully alleged above, Tatyana Kotelevskiy and Nationwide Lending intentionally and materially misstated Tatyana Kotelevskiy's income and employment in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Tatyana Kotelevskiy, and to pay origination and other fees to Nationwide Lending pursuant to the loan. Tatyana Kotelevskiy and Viktor Kobzar, on behalf of Nationwide Lending, falsely stated Tatyana Kotelevskiy's income and employment to Bill Higgins, ING's Chief Loan Officer.

200.     Tatyana Kotelevskiy and Nationwide Lending intentionally inflated the borrower's income to approximately six times its actual amount in furtherance of their fraudulent scheme to induce ING to make the loan to Tatyana Kotelevskiy.

201.     Nationwide knowingly obtained and submitted with the loan application a home appraisal in an amount which materially overstated the value of the property subject to the loan.

202.     ING reasonably made a loan to Tatyana Kotelevskiy based on the fraud in the loan application and executed a Note evidencing the mortgage (Exhibit 8 and 16, respectively), which was secured by a Deed of Trust executed by Tatyana Kotelevskiy and acknowledged by Igor Kotelevskiy on July 29, 2008 and recorded on August 4, 2008 in the Official Records of Snohomish County, Washington, instrument number 200808040482 (Exhibit 25).

203.     ING is informed, believes, and thereon alleges that, at the time of execution of the loan, Tatyana Kotelevskiy and Nationwide Lending failed to disclose to ING that Tatyana Kotelevskiy did not and would not have been able to earn the amount of claimed income, and did not work at the represented employer, as stated in the loan application.

204.     Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending deliberately and

COMPLAINT - 49

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

knowingly concealed the true facts known to them and/or failed to make any reasonable inquiry as to the true facts known to them or failed to make any reasonable investigation to determine the true facts from which representations were made regarding Tatyana Kotelevskiy's financial ability, financial status, and creditworthiness to refinance the property.

205.    Without having any sufficient basis on which to make any representations, Tatyana Kotelevskiy and Nationwide Lending knowingly made false representations, and concealed the true facts in Tatyana Kotelevskiy's loan application.

206.    When ING executed the Note, ING had no reason to know of the true facts that Tatyana Kotelevskiy's income was substantially less than the amount falsely stated in the loan application and that the stated employer was not her actual employer.  In addition, when ING executed the Note and Deed of Trust, Tatyana Kotelevskiy and Igor Kotelevskiy made the same affirmative written representation set forth in paragraph 124 above.

207.    As described above, these representations, warranties, and covenants were false. Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

208.    In reliance upon the false statements of material fact, concealment, and intentional material nondisclosures by Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending (as set forth above), ING reasonably entered into the Kotelevskiy Note and Deed of Trust on or about July 29, 2008 and made the loan to and/or for the benefit of Tatyana Kotelevskiy and Igor Kotelevskiy in the amount of approximately $620,000 and paid fees to Nationwide Lending in the amount of approximately $6,185.  The loan and fees would not have been paid had ING known the true facts.  Had Tatyana Kotelevskiy and Nationwide Lending made all of the proper disclosures called for in the loan application to ING, including the true amount of income and employment information, ING would not have entered into the loan, nor

COMPLAINT - 50

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

would it have advanced any funds to Tatyana Kotelevskiy nor paid any amounts to Nationwide Lending.

209.    ING's reliance on statements made by Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide was reasonable and justified because, among other things, Tatyana Kotelevskiy certified the truth of the statements in the loan application submitted by Nationwide Lending pursuant to its obligations under the Broker Agreement, and further agreed "the Lender . . . may continuously rely on the information contained in the application . . . ."  Exhibit 8, p. 3.

210.    ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Tatyana and Igor Kotelevskiy and Nationwide Lending (as set forth above).  As a direct and proximate result of Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $626,185 (the unpaid balance of the fraudulently induced loan plus broker's fees), plus costs and attorneys' fees in pursuing recovery of the loan balance.  Moreover, Tatyana Kotelevskiy, Igor Kotelevskiy and Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

**TWELFTH CLAIM FOR RELIEF**

**Fraud in the Inducement**

(Against Defendant Nationwide Lending)

211.    ING incorporates by reference Paragraphs 1 through 210 of this Complaint, as though set forth in full herein.

212.    Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the refinance of property located at 4630 144th Place SE, Snohomish, Snohomish County, Washington, 98296.

213.    As more fully alleged above, Nationwide Lending intentionally and materially

COMPLAINT - 51

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

misstated Glinskiy's income and employment in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Glinskiy, and to pay origination and other fees to Nationwide Lending pursuant to the loan.  Vlad Diddy, on behalf of Nationwide Lending, falsely stated Glinskiy's income and employment to Bill Higgins, ING's Chief Loan Officer.

214.    Nationwide Lending intentionally inflated the borrower's income to approximately four times its actual amount in furtherance of their fraudulent scheme to induce ING to make the loan to Glinskiy.

215.    Nationwide Lending knowingly obtained and submitted with the loan application a home appraisal in an amount which materially overstated the value of the property subject to the loan.

216.    ING reasonably made a loan to Glinskiy based on the fraud in the loan application and executed a Note evidencing the mortgage  (Exhibits 9 and 17, respectively), which was secured by a Deed of Trust executed by Glinskiy on November 9, 2007 and recorded on November 16, 2007 in the Official Records of Snohomish County, Washington, instrument number 200711160705 (Exhibit 26).

217.    ING is informed, believes, and thereon alleges that, at the time of execution of the loan, Nationwide Lending failed to disclose to ING that Glinskiy did not and would not have been able to earn the amount of income as represented in the loan application.

218.    Nationwide Lending deliberately and knowingly concealed the true facts known to it and/or failed to make any reasonable inquiry as to the true facts known to it or failed to make any reasonable investigation to determine the true facts from which representations were made regarding Glinskiy's financial ability, financial status, and creditworthiness to refinance the property.

219.    Without having any sufficient basis on which to make any representations, Nationwide Lending knowingly made false representations, and concealed the true facts in Glinskiy's loan application.

COMPLAINT - 52

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

220.    When ING executed the Note, ING had no reason to know of the true facts that Glinskiy's income was substantially less than the amount falsely stated in the loan application, that Glinskiy did not intend to use the property as her primary residence, and that the stated employer was not her actual employer.

221.    As described above, these representations, warranties, and covenants were false. Nationwide Lending knew that ING relied on their false representations, warranties and covenants in executing the loan.  On information and belief, Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

222.    In reliance upon the false statements of material fact, concealment, and intentional material nondisclosures by Nationwide Lending (as set forth above), ING reasonably entered into the Glinskiy Note and Deed of Trust on or about November 9, 2007 and made the loan to and/or for the benefit of Glinskiy in the amount of approximately $595,000 and paid fees to Nationwide Lending in the amount of approximately $7,905.  The loan and fees would not have been paid had ING known the true facts.  Had Nationwide Lending made all of the proper disclosures called for in the loan application to ING, including the true amount of income and employment information, ING would not have entered into the loan, nor would it have advanced any funds to Glinskiy nor paid any amounts to Nationwide Lending.

223.    ING's reliance on statements made by Nationwide Lending was reasonable and justified because, among other things, Nationwide Lending submitted the application pursuant to its obligations under the Broker Agreement to certify "[t]here are no circumstances or conditions with respect to the Loan, the property securing such Loan, the Borrower or the mortgagor or his or her credit standing, except as described in writing, that might adversely affect the value or marketability of the Loan or that could reasonably be expected to cause investors in the secondary mortgage market or private mortgage insurers, to regard the Loan as unacceptable for prudent investment or to cause the Loan to become delinquent."  Exhibit 1 at ¶10.q.

COMPLAINT - 53

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

224.    ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Nationwide Lending (as set forth above).  As a direct and proximate result of Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $602,905 (the unpaid balance of the fraudulently induced loan plus broker's fees), plus costs and attorneys' fees in pursuing recovery of the loan balance.  Moreover, Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

## THIRTEENTH CLAIM FOR RELIEF

### Fraud in the Inducement

(Against Defendants Kozhevnikov and the marital community of Kozhevnikov and Sedneva)

225.    ING incorporates by reference Paragraphs 1 through 224 of this Complaint, as though set forth in full herein.

226.    Kozhevnikov and Nationwide Lending prepared and submitted a loan application to ING to secure a loan for the refinance of property located at 26916 9th Avenue South, Des Moines, King County, Washington 98198.

227.    As more fully alleged above, Kozhevnikov and Nationwide Lending intentionally and materially misstated Kozhevnikov's income and occupancy in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Kozhevnikov, and to pay origination and other fees to Nationwide Lending pursuant to the loan. Kozhevnikov and Viktor Kobzar, on behalf of Nationwide Lending, falsely stated Kozhevnikov's income to Bill Higgins, ING's Chief Loan Officer.

228.    Kozhevnikov and Nationwide Lending intentionally inflated the borrower's income and intentionally misstated that the property would be used as a primary residence in furtherance of their fraudulent scheme to induce ING to make the loan to Kozhevnikov.

229.    Nationwide Lending knowingly obtained and submitted with the loan application a home appraisal in an amount which materially overstated the value of the property subject to

COMPLAINT - 54

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    the loan.

2          230.    ING reasonably made a loan to Kozhevnikov based on the fraud in the loan

3    application and executed a Note evidencing the mortgage (Exhibits 10 and 18, respectively),

4    which was secured by a Deed of Trust executed by Kozhevnikov on August 5, 2008 and

5    recorded on August 13, 2008 in the Official Records of Snohomish County, Washington,

6    instrument number 20080813000380 (Exhibit 27).

7          231.    ING is informed, believes, and thereon alleges that, at the time of execution of

8    the loan, Kozhevnikov and Nationwide Lending failed to disclose to ING that Kozhevnikov did

9    not and would not have been able to earn the amount of claimed income as represented in the

10   loan application and did not intend to occupy the property as the primary residence.

11         232.    Kozhevnikov and Nationwide Lending deliberately and knowingly concealed the

12   true facts known to them and/or failed to make any reasonable inquiry as to the true facts known

13   to them or failed to make any reasonable investigation to determine the true facts from which

14   representations were made regarding Kozhevnikov's financial ability, financial status, and

15   creditworthiness to refinance the property.

16         233.    Without having any sufficient basis on which to make any representations,

17   Kozhevnikov and Nationwide Lending knowingly made false representations, and concealed the

18   true facts in Kozhevnikov's loan application.

19         234.    When ING executed the Note, ING had no reason to know of the true facts that

20   Kozhevnikov's income was substantially less than the amount falsely stated in the loan

21   application and that he did not intend to use the property as his primary residence.  In addition,

22   when ING executed the Note and Deed of Trust, Kozhevnikov made the same affirmative

23   written representation set forth in paragraph 124 above.

24         235.    As described above, these representations, warranties, and covenants were false.

25   Kozhevnikov and Nationwide Lending knew that ING relied on their false representations,

26   warranties and covenants in executing the loan.  On information and belief, Kozhevnikov and

COMPLAINT - 55

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Nationwide Lending knew that ING would not have made the loan without such representations, warranties and covenants.

236.   In justifiable reliance upon the false statements of material fact, concealment, and intentional material nondisclosures by Kozhevnikov and Nationwide Lending (as set forth above), ING reasonably entered into the Kozhevnikov Note and Deed of Trust on or about August 5, 2008 and made the loan to and/or for the benefit of Kozhevnikov in the amount of approximately $900,000 and paid fees to Nationwide Lending in the amount of approximately $7,875.  The loan and fees would not have been paid had ING known the true facts.  Had Kozhevnikov and Nationwide Lending made all of the proper disclosures called for in the loan application to ING, including the true amount of income and employment information, ING would not have entered into the loan, nor would it have advanced any funds to Kozhevnikov nor paid any amounts to Nationwide Lending.

237.   ING's reliance on statements made by Kozhevnikov and Nationwide was reasonable and justified because, among other things, Kozhevnikov certified the truth of the statements in the loan application submitted by Nationwide Lending pursuant to its obligations under the Broker Agreement and further agreed that "the Lender . . . may continuously rely on the information contained in the application . . . ."  Exhibit 10, p. 3.

238.   ING reasonably and detrimentally relied upon the false statements of material fact, concealment, and intentional material nondisclosures by Kozhevnikov and Nationwide Lending (as set forth above).  As a direct and proximate result of Kozhevnikov and Nationwide Lending's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least $900,000, plus costs and attorneys' fees in pursuing recovery of the loan balance.  Moreover, Kozhevnikov and Nationwide Lending's fraudulent acts and omissions have rendered the loan without value in the secondary market.

239.   ING reserves the right to add Nationwide Lending as a defendant to this cause of action, if Nationwide Lending does not timely cure its wrongful conduct.

COMPLAINT - 56

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

## FOURTEENTH CLAIM FOR RELIEF

### Fraud

(Against Defendants Euro Auto, Mokhnach, and the marital community of Viktor and Larisa Mokhnach)

240.    ING incorporates by reference Paragraphs 1 through 239 of this Complaint, as though set forth in full herein.

241.    ING alleges upon information and belief that in connection with the above described loans to Anastasia Tislenok, Valeriy Nayberger, Igor Kotelevskiy and/or Tatyana Kotelevskiy, Euro Auto and its principal Mokhnach provided to Nationwide Lending false information and documentation regarding the employment of Anastasia Tislenok, Valeriy Nayberger, Igor Kotelevskiy and/or Tatyana Kotelevskiy.  Mokhnach and Euro Auto did so with the knowledge and intent that the false information and documentation would be submitted to ING and its chief loan officer Bill Higgins, and that ING would provide loans to Anastasia Tislenok, Valeriy Nayberger, Igor Kotelevskiy and/or Tatyana Kotelevskiy in reliance thereon.

242.    When ING made the loans to Anastasia Tislenok, Valeriy Nayberger, Igor Kotelevskiy and/or Tatyana Kotelevskiy, ING had no reason to know of the true facts that they did not work for Euro Auto and Mokhnach and that they did not earn the income as stated and affirmed by Euro Auto and Mokhnach in the false documents.

243.    ING's reliance on statements of income and employment made by Euro Auto and Mokhnach was reasonable and justified because Euro Auto and Mokhnach submitted falsified documents in support of these misrepresentations, which they intended for ING to rely upon.

244.    As a direct and proximate result of Euro Auto and Mokhnach's wrongful conduct, ING has been defrauded and deceived, and has suffered damages in the amount of at least approximately $2,140,000 (the unpaid balance of the fraudulently-induced loans), plus fees

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

paid in connection with the loans, plus costs and attorneys' fees in pursuing recovery of the loan balances. Moreover, Euro Auto and Mokhnach's fraudulent acts and omissions have rendered the loans without value in the secondary market.

///

///

///

///

## FIFTEENTH CLAIM FOR RELIEF

### Breach of Contract – Broker Origination Agreement

(Against Defendants Nationwide Lending, Alla Sobol, and her marital community)

245. ING incorporates by reference Paragraphs 1 through 244 of this Complaint, as though set forth in full herein.

246. Pursuant to the Broker's Agreement, Nationwide Lending undertook a number of specific contractual duties, including the duties to:

(a)    coordinate the collection and submission to ING of any required documentation needed to complete the loan process. This includes, but is not limited to, pay stubs, tax returns, homeowner's insurance certificates, bank statements, and other related credit documents. Ex. 1 at p. 9, ¶6;

(b)    deliver to ING for underwriting and funding fully completed loan applications with required supporting documentation … which conform to the warranties, representations and agreements set forth in the Broker Agreement. *Id.* at p. 8, ¶6;

(c)    certify to ING that it has provided such services. *Id.* at p. 9, ¶6; and

(d)    certify to ING that "[t]here are no circumstances or conditions with respect to the Loan, the property securing such Loan, the Borrower or the mortgagor or his or her credit standing, except as described in writing, that might adversely affect the

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    value or marketability of the Loan or that could reasonably be expected to cause

2    investors in the secondary mortgage market or private mortgage insurers, to regard the

3    Loan as unacceptable for prudent investment or to cause the Loan to become

4    delinquent." *Id.* at ¶10.q.

5        247.    ING performed each and every obligation pursuant to the Broker Agreement,

6    except as may have been excused by the conduct and/or omissions of Nationwide Lending or

7    the other defendants.

8        248.    Through the conduct, actions, and events alleged herein, Nationwide Lending –

9    acting under the control and direction of Alla Sobol—materially breached the contractual

10   provisions and covenants of the Broker Agreement in its brokering of loans for at least

11   Defendant Borrowers Ruseva, Moolman, Klimenko, Anatoliy Tislenok, Anastasia Tislenok,

12   Valeriy Nayberger, Tatyana Kotelevskiy, and Glinskiy.

13       249.    Pursuant to the Broker Agreement, ING has the right to demand repurchase of

14   the loans in the event of Nationwide Lending's breach of the Broker Agreement.  ING has made

15   such a demand and Nationwide has not repurchased the loans.

16       250.    Pursuant to ING's right to demand that Nationwide Lending repurchase any loan

17   upon discovery by ING of fraud or misstatement of material fact in the origination of a loan

18   submitted by Nationwide Lending or upon breach by Nationwide Lending of any section of the

19   Broker Agreement, ING is entitled to recover from Nationwide the outstanding amount of the

20   ING loans and its costs to enforce its rights under the loan documents, including reasonable

21   attorney's fees.  Exhibit 1, ¶12.

22       251.    Defendants Alla Sobol, as the managing member of Nationwide Lending, along

23   with her marital community, are jointly and severally responsible for Nationwide Lending's

24   breach of the fiduciary duties inherent in the trust obligations imposed by the Broker's

25   Agreement.

26       252.    As a result of Nationwide Lending and Alla Sobol's breaches of the Broker

COMPLAINT - 59

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    Agreement, ING has suffered damages in an amount to be proven at trial.

2    ///

3    ///

4    ///

5    ///

6    ///

7    ///

8                          **SIXTEENTH CLAIM FOR RELIEF**

9                                  **Negligence**

10   (Against Defendants Korn, Emerald City Escrow, Alla Sobol, David Sobol, Nationwide

11       Lending, Sobol Family LP, Euro Auto, Mokhnach, and their marital communities, as

12                                  applicable)

13       253.    ING incorporates by reference Paragraphs 1 through 252 of this Complaint, as

14   though set forth in full herein.

15       254.    As more fully alleged above, Nationwide Lending with the assistance, support

16   and participation of Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP,

17   Euro Auto, Mokhnach, Perrigo, and/or Appraisals Unlimited, submitted loan applications and

18   supporting documents to ING, pursuant to the Broker Agreement, for mortgage loans to Ruseva,

19   Moolman, Klimenko, Anatoliy Tislenok, Anastasia Tislenok, Valeriy Nayberger, Tatyana

20   Kotelevskiy, Glinskiy, and Kozhevnikov.

21       255.    Nationwide Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol,

22   Sobol Family LP, Perrigo, and/or Appraisals Unlimited, knew, or should have known, that the

23   loan applications submitted to ING were intended to secure loans which qualified as "pipeline

24   loans" that could be sold in the secondary market.  Nationwide Lending, Korn, Emerald City

25   Escrow, Alla Sobol, David Sobol, Sobol Family LP, Perrigo, and/or Appraisals Unlimited, had

26   the duty to submit loan applications that were marketable in the secondary market.  Nationwide

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP, Perrigo, and/or Appraisals Unlimited breached this duty through their negligent acts or omissions to act as described more fully above.

256.   Euro Auto and Mokhnach had the duty to communicate accurate information regarding the employment of certain Defendant Borrowers.  Euro Auto and Mokhnach breached this duty through their negligent acts or omissions to act as described more fully above.

257.   Through the negligent acts or the omissions to act of Nationwide Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP, Euro Auto, Mokhnach, Perrigo, and/or Appraisals Unlimited, including providing false income information in the loan application or omitting to act with reasonable care to determine the correct information, ING made the loans that are now in default, and but for such negligence of Nationwide Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP, Euro Auto, Mokhnach, Perrigo, and/or Appraisals Unlimited, ING would not have made such loans.

258.   Also through negligent acts or omission to act of Nationwide Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP, Euro Auto, Mokhnach, Perrigo, and/or Appraisals Unlimited, including providing false income information in the loan application or omitting to act with reasonable care to determine the correct information, ING is unable to sell these loans in the secondary market.

259.   As a result of the negligence of Nationwide Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP, Euro Auto, Mokhnach, Perrigo, and/or Appraisals Unlimited, ING has suffered damages in an amount to be proven at trial.

### SEVENTEENTH CLAIM FOR RELIEF

**Judicial Foreclosure – RCW Ch. 61.12**

(Against Defendants Ruseva, John Doe Ruseva, Keybank N.A., Keycorp, Irina Piekhotin, and their marital communities, as applicable)

COMPLAINT - 61

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

260.    ING incorporates by reference Paragraphs 1 through 259 of this Complaint, as though set forth in full herein.

261.    ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

262.    Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Ruseva's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning her income.

263.    As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

264.    The property secured by Ruseva's Deed of Trust is located at 4528 Heron Ridge Drive NE, Tacoma, Pierce County, Washington, 98422.  The Deed of Trust grants all of Ruseva's rights, title and interest to the property to ING.

265.    ING is informed, believes and thereon alleges that John Doe Ruseva may claim some interest in the property by reason of marriage to Ruseva.

266.    Keybank N.A. and/or Keycorp may claim some interest in the property by reason of a Deed of Trust recorded September 4, 2008 in the Official Records of Pierce County, Washington, instrument number 20080904282.

267.    Piekhotin, and the marital community of Irena and Vitaliy Piekhotin, may claim some interest in the property by reason of a Deed of Trust recorded September 23, 2008 in the Official Records of Pierce County, Washington, instrument number 200809230509.

268.    The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

269.    ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the

COMPLAINT - 62

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

usual judgment be made for the sale of the Ruseva property (described in paragraph 264 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Ruseva and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Ruseva property and the collateral and every part of the Ruseva property and collateral when the time for redemption has elapsed.

## EIGHTEENTH CLAIM FOR RELIEF

### Judicial Foreclosure – RCW Ch. 61.12

(Against Defendants Moolman, Jane Doe Moolman, and their marital community if applicable)

270.   ING incorporates by reference Paragraphs 1 through 269 of this Complaint, as though set forth in full herein.

271.   ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

272.   Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Moolman's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning his income.

273.   As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

274.   The property secured by Moolman's Deed of Trust is located at 425 O Street

COMPLAINT - 63

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

SW, Quincy, Grant County, Washington, 98848.  The Deed of Trust grants all of Moolman's rights, title and interest to the property to ING.

275.     ING is informed, believes and thereon alleges that Jane Doe Moolman may claim some interest in the property by reason of marriage to Moolman.

276.     The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

277.     ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Moolman property (described in paragraph 274 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Moolman and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Moolman property and the collateral and every part of the Moolman property and collateral when the time for redemption has elapsed.

## NINETEENTH CLAIM FOR RELIEF

### Judicial Foreclosure – RCW Ch. 61.12

(Against Defendants Klimenko, Tatyana Klimenko, Nikolay Klimenko, Kristina Klimenko, Wells Fargo & Company, Wells Fargo, N.A., and their marital communities, as applicable)

278.     ING incorporates by reference Paragraphs 1 through 277 of this Complaint, as though set forth in full herein.

279.     ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

COMPLAINT - 64

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

280.    Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Klimenko's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning his income.

281.    As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

282.    The property secured by Klimenko's Deed of Trust is located at 23916 29th Avenue West, Brier, Snohomish County, Washington, 98036.  The Deed of Trust grants all of Klimenko's rights, title and interest to the property to ING.

283.    Tatyana Klimenko may claim some interest in the property by reason of marriage to Petr Klimenko.

284.    ING is informed, believes and thereon alleges that Nikolay Klimenko may claim some interest in the property.

285.    ING is informed, believes and thereon alleges that Kristina Klimenko may claim some interest in the property.

286.    Wells Fargo & Company and/or Wells Fargo, N.A., may claim some interest in the property by reason of a Deed of Trust recorded April 4, 2008 in the Official Records of Snohomish County, Washington, instrument number 200804040427.

287.    The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

288.    ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Klimenko property (described in paragraph 282 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Klimenko and all persons

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Klimenko property and the collateral and every part of the Klimenko property and collateral when the time for redemption has elapsed.

///

///

### TWENTIETH CLAIM FOR RELIEF

### Judicial Foreclosure – RCW Ch. 61.12

(Against Defendants Anatoliy Tislenok, Vera Tislenok, their marital community, and Watermark Credit Union)

289.     ING incorporates by reference Paragraphs 1 through 288 of this Complaint, as though set forth in full herein.

290.     ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

291.     Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Anatoliy Tislenok's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning his income.

292.     As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

293.     The property secured by Anatoliy Tislenok and Vera Tislenok's Deed of Trust is located at 36030 21st Lane Street, Federal Way, King County, Washington, 98003.  The Deed of Trust grants all of Anatoliy Tislenok and Vera Tislenok's rights, title and interest to the

COMPLAINT - 66

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

property to ING.

294.     Watermark Credit Union may claim some interest in the property by reason of a Deed of Trust recorded July 25, 2008 in the Official Records of King County, Washington, instrument number 200807250816.

295.     The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

296.     ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Anatoliy Tislenok and Vera Tislenok property (described in paragraph 293 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Anatoliy Tislenok and Vera Tislenok and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Anatoliy Tislenok and Vera Tislenok property and the collateral and every part of the Anatoliy Tislenok and Vera Tislenok property and collateral when the time for redemption has elapsed.

## TWENTY-FIRST CLAIM FOR RELIEF

### Judicial Foreclosure – RCW Ch. 61.12

(Against Defendants Anastasia Tislenok, Oleg Tislenok and their marital community)

297.     ING incorporates by reference Paragraphs 1 through **Error! Reference source not found.** of this Complaint, as though set forth in full herein.

298.     ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

COMPLAINT - 67

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

299.     Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Anastasia Tislenok's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning his income.

300.     As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

301.     The property secured by Anastasia Tislenok and Oleg Tislenok's Deed of Trust is located at 36058 21st Lane Street, Federal Way, King County, Washington, 98003.  The Deed of Trust grants all of Anastasia Tislenok and Oleg Tislenok's rights, title and interest to the property to ING.

302.     The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

303.     ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Anastasia Tislenok and Oleg Tislenok property (described in paragraph 301 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Anastasia Tislenok and Oleg Tislenok and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Anastasia Tislenok and Oleg Tislenok property and the collateral and every part of the Anastasia Tislenok and Oleg Tislenok property and collateral when the time for redemption has elapsed.

## TWENTY-SECOND CLAIM FOR RELIEF

COMPLAINT - 68

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

**Judicial Foreclosure – RCW Ch. 61.12**

(Against Defendants Valeriy Nayberger, Dina Nayberger, their marital community, and Boeing

Employee Credit Union)

304.     ING incorporates by reference Paragraphs 1 through 303 of this Complaint, as though set forth in full herein.

305.     ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

306.     Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Valeriy Nayberger's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning his income.

307.     As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

308.     The property secured by Valeriy Nayberger and Dina Nayberger's Deed of Trust is located at 2908 44th Avenue NW, Tacoma, Pierce County, Washington, 98422.  The Deed of Trust grants all of Valeriy Nayberger and Dina Nayberger's rights, title and interest to the property to ING.

309.     Boeing Employee Credit Union may claim some interest in the property by reason of a Deed of Trust recorded June 18, 2008 in the Official Records of Pierce County, Washington, instrument number 200806180227.

310.     The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

311.     ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Valeriy Nayberger and Dina Nayberger property

COMPLAINT - 69

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

(described in paragraph 308 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Valeriy Nayberger and Dina Nayberger and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Valeriy Nayberger and Dina Nayberger property and the collateral and every part of the Valeriy Nayberger and Dina Nayberger property and collateral when the time for redemption has elapsed.

## TWENTY-THIRD CLAIM FOR RELIEF

### Judicial Foreclosure – RCW Ch. 61.12

(Against Defendants Tatyana Kotelevskiy, Igor Kotelevskiy, and their marital community)

312.    ING incorporates by reference Paragraphs 1 through 311 of this Complaint, as though set forth in full herein.

313.    ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

314.    Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Tatyana Kotelevskiy's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning her income.

315.    As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

316.    The property secured by Tatyana Kotelevskiy and Igor Kotelevskiy's Deed of

COMPLAINT - 70

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Trust is located at 23728 29th Avenue West, Brier, Snohomish County, Washington, 98036. The Deed of Trust grants all of Tatyana Kotelevskiy and Igor Kotelevskiy's rights, title and interest to the property to ING.

317. The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

318. ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Tatyana Kotelevskiy and Igor Kotelevskiy's property (described in paragraph 316 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Tatyana Kotelevskiy and Igor Kotelevskiy and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Tatyana Kotelevskiy and Igor Kotelevskiy property and the collateral and every part of the Tatyana Kotelevskiy and Igor Kotelevskiy property and collateral when the time for redemption has elapsed.

## TWENTY-FOURTH CLAIM FOR RELIEF

### Judicial Foreclosure – RCW Ch. 61.12

(Against Defendants Kozhevnikov, Sedneva, Alaska USA Federal Credit Union, and

Westsound Bank)

319. ING incorporates by reference Paragraphs 1 through 318 of this Complaint, as though set forth in full herein.

320. ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of defendants.

COMPLAINT - 71

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

321.    Events of default under the terms of the Note and Deed of Trust have occurred and are continuing by, among other things, Kozhevnikov's (i) failure to pay principal and interest when due on a monthly basis; and (ii) making false statements in the loan application and submitting false documents concerning his income.

322.    As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums and property secured by the Deed of Trust are immediately due and payable pursuant to their terms.

323.    The property secured by Kozhevnikov Deed of Trust is located at 26916 9th Avenue South, Des Moines, King County, Washington 98198.  The Deed of Trust grants all of Kozhevnikov and Sedneva's rights, title and interest to the property to ING.

324.    ING is informed, believes and thereon alleges that Sedneva may claim some interest in the property.

325.    Alaska USA Federal Credit Union may claim some interest in the property by reason of a Deed of Trust recorded September 23, 2008 in the Official Records of King County, Washington, instrument number 200809230054

326.    Westsound Bank may claim some interest in the property by reason of a Deed of Trust recorded August 21, 2008 in the Official Records of King County, Washington, instrument number 200808210241.

327.    The lien of ING's Deed of Trust is prior and superior to the interest of any other lienholder of this property.

328.    ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Kozhevnikov's property (described in paragraph 323 above) and the collateral according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due ING, (d) any rents, income and profits be applied in payment of the amounts due ING, and (e) Kozhevnikov and Sedneva and all persons claiming under any alleged right subsequent to execution of the Deed of Trust,

COMPLAINT - 72

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Kozhevnikov property and the collateral and every part of the Kozhevnikov property and collateral when the time for redemption has elapsed.

## **PRAYER FOR RELIEF**

WHEREFORE, ING respectfully prays for entry of a judgment granting the following joint and several relief against all defendants:

A.    For damages according to proof at the time of trial or entry of judgment;

B.    For compensatory damages in a sum according to proof, but not less than $6,254,500, the current estimated balance owed on the loans obtained from ING as a result of Defendant Borrowers' fraudulent representations;

C.    For compensatory damages in a sum according to proof, but not less than $5,354,500, the current estimated amount due from Nationwide Lending pursuant to its repurchase obligation under the Broker Agreement;

D.    For compensatory damages in a sum according to proof, but not less than $2,140,000, the current estimated balance owed on the loans obtained from ING as a result of Defendants Euro Auto and Mokhnach's fraudulent representations;

E.    For compensatory damages in a sum according to proof, but not less than $120,995, the amount of fees Nationwide Lending obtained through its breach of the Broker Agreement;

F.    For compensatory damages in a sum according to proof at trial for the damages proximately caused by the negligence of Nationwide Lending, Korn, Emerald City Escrow, Alla Sobol, David Sobol, Sobol Family LP, Euro Auto, Mokhnach, Perrigo, and/or Appraisals Unlimited;

G.    For a declaration that, pursuant to Section 12 of the Broker Agreement,

COMPLAINT - 73

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1     Nationwide Lending is obligated to repurchase the herein described loans from

2     ING;

3    H.     For prejudgment interest at the legal rate;

4    I.     For restitution or disgorgement of the amount of funds obtained by Defendant

5     Managers' participation and interest in a RICO Enterprise in a sum according to

6     proof, but not less than $6,375,495;

7    J.     For restitution or disgorgement of the amount of funds obtained by Defendant

8     Conspirators' participation and interest in a RICO Enterprise in a sum according

9     to proof, but not less than $6,375,495

10    K.     For an award to ING of treble damages as a result of Defendant Managers'

11     violations of RICO, 18 U.S.C. §1961 *et seq.*;

12    L.     For an award to ING of treble damages as a result of Defendant Conspirators'

13     violations of RICO, 18 U.S.C. §1961 *et seq.*;

14    M.     For an award to ING of treble damages as a result of Defendant Managers'

15     violations of the Washington Criminal Profiteering Act, RCW 9A.82.001 *et seq.*;

16    N.     For an award to ING of treble damages as a result of Defendant Conspirators'

17     violations of the Washington Criminal Profiteering Act, RCW 9A.82.001 *et seq.;*

18    O.     For its attorney's fees and costs of suit herein incurred, as applicable; and

19    P.     For such other and further relief as the Court deems just and proper, including

20     but not limited to orders issued pursuant to RCW 9A.82.100(4) requiring the

21     divestiture of any interest, direct or indirect, in any of the enterprises and real

22     estate that are the subject of this suit, and orders restricting Defendants future

23     activities or investments;

24    Q.     For an order adjudging that (a) the herein described deeds of trust be foreclosed;

25     (b) judgment be entered for the sale of the herein described properties and the

26     collateral according to law by an appropriate person appointed by the Court; (c)

COMPLAINT - 74

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

the proceeds of the sale be applied in payment of the amounts due ING; (d) any rents, income and profits be applied in payment of the amounts due ING; (e) Defendants and all persons claiming under any alleged right subsequent to the execution of the deeds of trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, or equity of redemption in the real property and the collateral and every part of the real property and collateral when the time for redemption has elapsed;

R.  For a judgment that the rights, claims, ownership, lien, titles and demands of Defendant Borrowers are subsequent to and subject to the lien of the deeds of trust;

S.  For an order permitting ING, or any parties to this action, to become purchasers of the herein described properties at the foreclosure sale;

T.  For a declaration that, when time for redemption has elapsed, the levying officer shall execute a deed to the purchaser or purchasers of the properties at the sale, and the purchaser or purchasers shall be let into possession of the property upon production of the levying officer's deed;

U.  For an order declaring that the above monetary and other damages and awards are not dischargeable in bankruptcy or otherwise; and

///
///
///
//
///
///
///

COMPLAINT - 75

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1   ///

2   ///

3   ///

4   ///

5        V.     For any other relief that the Court finds to be just and equitable.

6

7        Dated this 27th day of January, 2009.

8                                        HICKS | PARK LLP

9                                        KINSEL LAW OFFICES, PLLC

10

11

12                                       By:  ___s/William A. Kinsel_____
                                             William A. Kinsel, WSBA #18077

13                                       Attorneys for Plaintiff ING Bank, fsb

14                                       JAMES B. HICKS
                                         GARY W. PARK

15                                       RICHARD SEEGMAN
                                         ALLISON H.L. MILLER

16                                       HICKS | PARK LLP
                                         824 Wilshire Boulevard, Suite 200

17                                       Los Angeles, CA  90017
                                         Telephone: (213) 612-0007

18                                       Facsimile: (213) 612-0373
                                         jhicks@hicksparklaw.com;

19                                       gpark@hicksparklaw.com;
                                         rseegman@hicksparklaw.com;

20                                       amiller@hicksparklaw.com

                                               OF COUNSEL
21

22                                       WILLIAM A. KINSEL
                                         Kinsel Law Offices, PLLC

23                                       2025 First Avenue, Suite 440
                                         Seattle, WA  98121

24                                       Telephone: (206) 706-8148
                                         Facsimile; (206) 374-3201

25                                       wak@kinsellaw.com

26

COMPLAINT - 76

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148