UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ING BANK, a federal savings bank,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB A. KORN, et al.,<br><br>    Defendants.<br>_____<br>TATYANA KOTELEVSKIY, individually, also known as Tatyana Shpak, and IGOR KOTELEVSKIY, individually, and the marital community of Igor and Tatyana Kotelevskiy, et al.,<br><br>    Counter-claimants,<br><br>v.<br><br>ING BANK, a federal savings bank,<br><br>    Counter-defendant. | No. C09-124Z<br><br>ORDER |

ORDER -1-

This matter comes before the Court on ING Bank's four nearly identical motions to dismiss the first[1] and fifth[2] counterclaims of Sergey Kozhevnikov and Nadezhda Sedneva (docket no. 68), Anatoliy and Vera Tislenok (docket no. 69), Dina and Valeriy Nayberger (docket no. 70), and Oleg and Anastasia Tislenok (docket no. 71) (collectively referred to herein as the "borrowers"), pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the briefs in support of and in opposition to the motions, and the Fed. R. Civ. P. 12(b)(6) standard of review, the Court now GRANTS IN PART and DEFERS IN PART ING Bank's motions, docket nos. 68, 69, 70, and 71, as follows.

(1) The Court DISMISSES the first counterclaim for rescission under the Truth in Lending Act ("TILA") of Sergey Kozhevnikov and Nadezhda Sedneva, Dina and Valeriy Nayberger, and Oleg and Anastasia Tislenok, with leave to amend by **June 19, 2009**, to allege, subject to Fed. R. Civ. P. 11(b) requirements, that the borrowers have the ability to tender and pay back what they have received from ING Bank (less interest, finance charges, etc.). See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (recognizing long-standing Ninth Circuit precedent that "a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender"); Garza v. Am. Home Mortgage, 2009 WL 188604 at *5, No. CV F 08-1477 LJO GSA (E.D. Cal. Jan. 27, 2009) (dismissing rescission claim, with leave to amend, on Fed. R. Civ. P. 12(b)(6) motion where "the complaint fails to address head on [the borrower's] ability to tender loan proceeds").

---

[1] ING mistakenly referenced the "second" rather than the "first" counterclaim in some parts of its motion, and later clarified that it meant the "first" counterclaim. Pl.'s Reply, docket no. 107, at 2 n.1.

[2] ING referenced the "fourth" counterclaim in its opening motion without realizing that the Answers contain two "fourth" counterclaims. Since ING is moving to dismiss the second "fourth" counterclaim, ING called it the "fifth" counterclaim in its reply, docket no. 107, at 5 n.4. The Court thus refers to this counterclaim as the "fifth" counterclaim.

ORDER -2-

(2) The Court's DEFERS a ruling on the appropriate course of action with regard to the rescission counterclaim under TILA of Anatoliy and Vera Tislenok, who assert in their opposition brief, docket no. 102, at page 2, that they "refinanced a construction loan." ING's reply argues that the refinancing of a construction loan is considered a "residential mortgage transaction" that is exempt from the rescission remedy under TILA. Pl.'s Reply, docket no. 107, at 4-5 (citing Jurgens v. Nat'l City Mortgage Co., 2009 WL 530115 at *3 (E.D. Cal. Mar. 3, 2009) and Perkins v. Central Mortgage Co., 422 F. Supp. 2d 487 (E.D. Pa. 2006)); see 12 C.F.R. § 226.23(f)(1) (outlining the transactions exempt from rescission as including a "residential mortgage transaction"); 15 U.S.C. § 1602(w) (defining "residential mortgage transaction"). The Court ORDERS Anatoliy and Vera Tislenok to SHOW CAUSE by **June 19, 2009** why the Court should not dismiss their rescission counterclaim with prejudice and without leave to amend.

(3) The Court STRIKES the borrowers' respective requests for alternative "restructuring" relief under TILA. Answer, docket no. 47, at 27 ¶ 9; Answer, docket no. 48, at 27 ¶ 9; Answer, docket no. 49, at 26 ¶ 9; Answer, docket no. 50, at 27 ¶ 9.

(4) The Court DISMISSES with prejudice the borrowers' respective fifth counterclaim for the production of the original promissory note. There is no legal basis for such a counterclaim. Pursuant to an agreement of the parties in their briefing on ING Bank's motions to dismiss and Fed. R. Civ. P. 8(c)(2), the borrowers' respective fifth counterclaim is re-designated as an affirmative defense. No further action of the parties is necessary to effectuate this re-designation.

IT IS SO ORDERED.

DATED this 22nd day of May, 2009.

Thomas S. Zilly
United States District Judge

ORDER -3-