THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ING BANK, a federal savings bank,

                Plaintiff,

vs.

JACOB A. KORN, et al.,

                Defendants.

No.  C09-124Z

ORDER

THIS MATTER comes before the Court on cross-motions for summary judgment, docket nos. 302 and 307.  Having reviewed the papers filed in support of, and opposition to, the parties' motions, the Court enters the following Order.

## I.    __BACKGROUND__

On or about June 14, 2008, defendants Igor and Tatyana Kotelevskiy submitted a loan application (the "Application") to plaintiff ING Bank ("ING") in connection with defendants' efforts to obtain a loan for the purchase of residential property located at 23728 29th Avenue West, Brier, Washington 98036 (the "Property").  Gray Decl. at ¶ 7, Ex. C, docket no. 309.  The Application describes defendant Tatyana

Kotelevskiy as having a monthly income of $15,400.00 for her work as finance director at Euro and Exotic Garage, Inc.  Gray Decl., Ex. C, docket no. 309.  At the time the Application was submitted, however, defendant Tatyana Kotelevskiy did not have a monthly income of $15,400.00, and she was not employed by Euro and Exotic Garage.  Park Decl. at Ex. A (I. Kotelevskiy Dep. at 13:5-17), docket no. 308-1; see also id. at Ex. B (T. Kotelevskiy Dep. at 11:11-14, 17:13-15, 19:2-13).  Defendant Viktor Kobzar, a mortgage broker for Nationwide Lending, prepared and submitted the Application on behalf of the Kotelevskiys.  Kotelevskiy Decl. at 2, docket no. 312.

ING relies upon loan applicants to provide accurate and truthful information in their loan applications.  Gray Decl. at ¶ 16, docket no. 309.  As a result, based on the representations in the Application, ING approved Tatyana Kotelevskiy for a mortgage loan in the amount of $620,000.00.  Id. at ¶ 6.

On or about July 29, 2008, defendants executed a promissory note (the "Note") in favor of ING.  Id. at Ex. A.  The note was secured by a deed of trust (the "Deed"), also executed by the defendants in favor of ING on or about July 29.  Id. at Ex. B.  Pursuant to the Note, defendants agreed to make monthly installment payments commencing on September 1, 2008, continuing on the first day of each month thereafter until August 1, 2038.  Id. at Ex. A.  However, defendants never made any payments on the Note after August 2008.  Gray Decl. at ¶ 11, docket no. 309.  As a result, ING accelerated the payments on the Note, and as of March 3, 2011, defendants are $736,474.74 in arrears.  Id. at Ex. E.

The improvements on the Property were destroyed by a fire in March 2009. Kotelevskiy Decl. at 3, docket no. 312 ("Our home that we built for our family has been destroyed."). As a result, the Property is uninhabitable and the Kotelevskiys have not resided there since the fire. See id.

## II.   DISCUSSION

### A.   Standard of Review

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. See F.D.I.C. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), rev'd on other grounds, 512 U.S. 79 (1994).

### B.   Defendants' Motion for Partial Summary Judgment and Dismissal, docket no. 302

Defendants move for partial summary judgment, requesting that the Court dismiss ING's request for a deficiency judgment in its claim for judicial foreclosure (Twenty-Fifth Cause of Action). The defendants also move for summary judgment on ING's claim for fraud in the inducement (Eleventh Cause of Action), or alternatively, for dismissal of that claim pursuant to Fed. R. Civ. P. 9(b).

#### 1.   ING's Judicial Foreclosure and Deficiency Judgment Claim (Twenty-Fifth Cause of Action)

A mortgagee may not obtain a deficiency judgment against a mortgagor in a judicial foreclosure of improved, non-agricultural property, if the property has been

abandoned for at least six months prior to the decree of foreclosure.  RCW 61.12.094.

Lack of occupancy by the mortgagor for a continuous period of six months or more

prior to the decree of foreclosure, coupled with a failure to make payment upon the

mortgage obligation within that six-month period is prima facie evidence of

abandonment.  RCW 61.12.093.

Defendants argue that they abandoned the Property after the March 2009 fire,

and as such, ING is not entitled to a deficiency judgment in addition to a foreclosure

decree because more than six months have passed since the abandonment.  See

Kotelevskiy Decl., docket no. 312.  However, the special foreclosure provisions in

RCW 61.12.093-.095 were enacted for the benefit of the mortgagee, not the

mortgagor.  See Metro. Fed. Sav. & Loan Ass'n v. Roberts, 72 Wn. App. 104, 863

P.2d 615 (1994) (holding that the provisions of RCW 61.12.093-.095 apply where "the

mortgagee is willing to forego a deficiency judgment . . .").  Mortgagors, such as the

defendants, are not entitled to seek a finding of abandonment and relief from a

deficiency judgment.  See id.; see also RCW 61.12.093 (providing that it is the

mortgagee, not the mortgagor, who must plead abandonment, if the mortgagee is to

obtain the right to a judicial sale free of redemption rights).

Moreover, the provisions of RCW 61.12.093-.095 only apply to judicial

foreclosures of improved properties.  RCW 61.12.093 ("In actions to foreclose

mortgages on real property improved by structure or structures . . .") (emphasis

added).  The improvements on the Property were destroyed by fire in 2009, and as

such, even if the defendant mortgagors had the right to seek a finding of abandonment, RCW 61.12.094 does not apply to preclude ING from seeking a deficiency judgment. Accordingly, the Court DENIES defendants' motion for partial summary judgment on ING's judicial foreclosure claim.

2.     ING's Fraud Claim (Eleventh Cause of Action)

Defendants move to dismiss ING's fraud claim pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity.  In the alternative, defendants move for partial summary judgment.

First, defendants argue that the complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b), which requires a party pleading fraud to state with particularity the circumstances constituting the fraud.  Specifically, defendants argue that ING failed to plead specific facts demonstrating the fourth and fifth elements of fraud: knowledge of falsity and intent to defraud.[1]  However, although Rule 9(b) requires fraud to be pleaded with particularity, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The complaint alleges that the defendants "intentionally and materially misstated Tatyana Kotelevskiy's income and employment history in the loan application submitted to ING, for the purpose of inducing ING to make the loan to Tatyana Kotelevskiy. . . ."

---

[1] Under Washington law, to establish a claim for fraud the plaintiff must prove the following nine elements:  (1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the defendant knew the fact was false or was ignorant of its truth; (5) the defendant intended the plaintiff to act on the fact; (6) the plaintiff did not know the fact was false; (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it; and (9) the plaintiff was damaged.  Baddeley v. Seek, 138 Wn. App. 333, 338-39, 156 P.3d 959 (2007).

1st Am. Compl. at ¶ 213, docket no. 105.  The complaint satisfies Rule 9(b)'s low standard for pleading conditions of the mind.

In the alternative, defendants argue that ING cannot, as a matter of law, establish the eighth element of a fraud claim (reliance on the false statement). Specifically, defendants contend that ING had a duty to investigate the accuracy of defendants' income and employment history as stated on the Application, and that ING's failure to do so bars it from relying on the Application.  Defendants rely heavily on In re Hill, 2008 WL 2227359 (Bankr. N.D. Cal. 2008) for the proposition that a lender cannot show the reliance element of a fraud claim if the lender failed to investigate red flags in a loan application.  However, the In re Hill opinion was issued after a trial on the merits, not on summary judgment where the Court must construe all facts in favor of the non-moving party.  Moreover, in that case, the bank ignored the fact that the borrowers' multiple loan applications contained different information.  Id. at *15.  The court held that the variations between the loan applications should have raised red flags and triggered further investigation.  Id.  Conversely, in this case, defendants only submitted one loan application.  See Gray Decl. at ¶ 6, docket no. 309. Consequently, there were no similar red flags that might give rise to a duty to investigate, and In re Hill is inapposite.

Finally, defendants argue that ING cannot rely on the Application because ING failed to investigate defendants' income and employment history, despite charging defendants a $695.00 "underwriting fee" for that purpose.  Defendants rely exclusively

on their "statement of undisputed facts" for the proposition that ING charged them an underwriting fee to cover the cost of verifying defendants' income.  Statement of Undisputed Facts at ¶ 9, docket no. 304 ("ING Bank was paid $695.00 for underwriting (verification of supplied financial information).").  The statement, signed only by defendants' attorney, is not made under oath or on personal knowledge, and is not evidence that may be relied upon to support defendants' motion for summary judgment.[2]  Moreover, although defendants contend that the statement contains only "undisputed" facts, that contention is patently incorrect.  For example, ING submits that it does not charge a fee to subsidize the cost of verifying income levels in loan applications because it relies on applicants to provide accurate information about their income levels.  Gray Decl. at ¶ 16, docket no. 309.

Reliance is normally a question for the jury, and may only be decided as a matter of law if reasonable minds cannot differ.  Burnside v. Simpson Paper Co., 123 Wn.2d 93, 105, 864 P.2d 937 (1994).  Here, the reliance element must be determined by a jury because there is a genuine dispute of material fact as to whether ING relied on the representations in the defendants' loan application to approve the loan.

---

[2] Defendants attached the deposition transcript for ING's witness Thomas T. Houlihan to the statement of undisputed facts as further evidence in support of their contention that ING failed to investigate defendants' income.  Mr. Houlihan's deposition has not been authenticated, and therefore is not admissible. Fed. R. Evid. 901.  Moreover, Mr. Houlihan's testimony is consistent with the evidence submitted by ING.  He testified that the bank did not investigate defendants' income because the bank relies on applicants to provide accurate information in their loan applications.  Statement of Undisputed Facts, Ex. (Houlihan Dep. at 14:2-5), docket no. 304.

Therefore, the Court DENIES defendants' motion for summary judgment on ING's fraud claim.

### C.      Plaintiff's Motion for Summary Judgment, docket no. 307

ING moves for summary judgment on the four claims alleged in the complaint against the Kotelevskiys:  Racketeer Influenced and Corrupt Organizations Act ("RICO") (Second Cause of Action), Washington Criminal Profiteering Act ("WCPA") (Fourth Cause of Action), fraud (Eleventh Cause of Action), and judicial foreclosure (Twenty-Fifth Cause of Action).[3]

### 1.      ING's RICO Claim (Second Cause of Action)

ING brings a RICO conspiracy claim against the defendants under 18 U.S.C. § 1962(d), which provides as follows:  "It shall be unlawful for any person to conspire to violate [RICO sections 1962(a), (b), or (c)]."  To prevail on its RICO conspiracy claim, ING must first establish the elements of a RICO section 1962(c) claim.  See Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (holding that the failure to plead the requisite elements to establish a violation of section

---

[3] ING's motion also purports to move for summary judgment on ING's "breach of contract" claim against the defendants.  Specifically, ING contends that it is entitled to judgment against the defendants for breaching their obligations under the Note.  However, ING cannot pursue a breach of contract claim for defendants' obligations under the Note while simultaneously pursuing foreclosure of the Deed.  RCW 61.12.120 ("The plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or matter which is secured by the mortgage . . . nor shall he prosecute any other action for the same matter while he is foreclosing his mortgage or prosecuting a judgment of foreclosure.").  As such, the Court DENIES ING's motion for summary judgment for breach of contract.

1962(c) "implicitly means that the plaintiff cannot plead a conspiracy [under section 1962(d)] to violate [section 1962(c)]."), <u>overruled on other grounds by</u>, <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541 (9th Cir. 2007).  To prove a claim under section 1962(c), a plaintiff must establish the following four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  <u>Miller v. Yokohama Tire Corp.</u>, 358 F.3d 616, 620 (9th Cir. 2004).  The plaintiff must also prove that the racketeering activity is the proximate cause of the plaintiff's injury.  18 U.S.C. § 1964(c) (requiring that the plaintiff's injury be the result of a violation of section 1962).

ING argues that since defendants have submitted no evidence in opposition to ING's motion on the RICO claim, defendants have failed to meet their burden and summary judgment is appropriate.  However, "summary judgment cannot be granted by default, even if there is a complete failure to respond to the motion, much less when an attempted response fails to [submit evidence in compliance] with Rule 56(c) requirements."  Fed. R. Civ. P. 56 2010 cmt. to subdivision (e).  The Court may only grant summary judgment if the motion and supporting materials show that the movant is entitled to it.  <u>Id.</u>  Accordingly, ING must submit evidence proving it is entitled to summary judgment on its RICO claim and may not simply rely on the allegations in the complaint.  <u>See</u> Fed. R. Civ. P. 56(c)(1).

ING has failed to meet its burden to submit evidence demonstrating that there is no genuine issue of material fact on each of the elements of its RICO claim.  For

example, to establish a pattern of racketeering activity requires at least two predicate offenses.  <u>Clark v. Time Warner Cable</u>, 523 F.3d 1110, 1116 (9th Cir. 2008).  Here, ING contends that the predicate offenses consisted of bank fraud (18 U.S.C. § 1344), mail fraud (18 U.S.C. § 1341), and wire fraud (18 U.S.C. § 1343).[4]  Specifically, ING argues that the Kotelevskiys conspired with Viktor Kobzar and the other defendants in this case to submit a falsified loan application that inflated their income and contained inaccurate employment information.  Even if the Court were to accept ING's contention as true, however, the submission of the falsified loan application would constitute only one predicate act of racketeering activity.  ING has not submitted any evidence of other predicate acts of racketeering activity, and as such, ING cannot prove the existence of a pattern.[5]  Accordingly, the Court DENIES ING's motion for summary judgment on its RICO conspiracy claim.

_____

[4] ING also appears to argue that defendants made false statements to a financial institution in violation of 18 U.S.C. § 1014, and that the violation constitutes a predicate act of criminal conduct.  However, "a violation of [18 U.S.C. § 1014] does not constitute a racketeering offense under Section 1961."  <u>Crown Heights Jewish Comm. Council, Inc. v. Fischer</u>, 63 F. Supp. 2d 231, 238 (E.D.N.Y. 1999); <u>see also</u> 18 U.S.C. § 1961(1).

[5] To establish a RICO pattern, ING must further establish that the racketeering predicates are 1) related (the relationship element); and 2) part of a continuous pattern that either threatens or constitutes long-term criminal activity (the continuity element).  <u>H.J., Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989).  Continuity requires either past conduct that by its nature projects into the future with a threat of repetition, or, where there is no threat of future criminal conduct, by demonstrating that the defendant was engaged in a series of related predicates extending over a substantial period.  <u>Id.</u>; <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1528 (9th Cir. 1995).  Even if the Court were to construe the defendants' submission of the single loan application as multiple predicate acts, ING has not shown continuity.  ING has submitted no

       2.     <u>ING's WCPA Claim (Fourth Cause of Action)</u>

To establish a claim under the WCPA, a plaintiff must show that the defendants engaged in a pattern of criminal profiteering, which means:

> [E]ngaging in at least three acts of criminal profiteering, one of which occurred after July 1, 1985, and the last of which occurred within five years . . . after the earliest act of criminal profiteering.  In order to constitute a pattern, the three acts must have the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events.

RCW 9A.82.010(12).  In addition, to show a pattern under the WCPA, a plaintiff must also make the same showing required by RICO:  relationship plus continuity.  <u>See</u> <u>State v. Barnes</u>, 85 Wn. App. 638, 667, 932 P.2d 669 (1997).  As with its RICO claims, ING has failed to submit evidence of multiple acts of criminal profiteering, and has failed to show continuity.  Therefore, the Court DENIES ING's motion for summary judgment on its WCPA claim.

       3.     <u>ING's Fraud Claim (Eleventh Cause of Action)</u>

ING contends that the defendants committed fraud when they submitted the Application, which falsely stated that Tatyana Kotelevskiy's income was $15,400.00, and falsely stated that she was employed by Euro and Exotic Garage, Inc.  There are genuine issues of material fact that preclude summary judgment on this claim.  For example, defendants contend that ING cannot prove intent to defraud because Viktor

---

evidence from which the Court can infer the threat of future criminal conduct, and the submission of a single falsified loan application does not amount to criminal conduct extending over a substantial period of time.

Kobzar inserted the false information into the Application, and defendants did not see

the Application until after the commencement of this litigation.[6]  Kotelevskiy Decl. at

---

[6] ING argues that the Court should disregard Tatyana Kotelevskiy's declaration
because it is inconsistent with the following testimony from her deposition:

> Q:  Okay.  And if you turn one more page to page four, and you go two-
> thirds of the way down the page, again it says, "Borrower's signature,"
> and is that your signature, Ms. Kotelevskiy?
>
> A:  This one.  I don't know.  This could be.  I think this might have been,
> but the date that's written doesn't look like my handwriting, so I don't –
> It's kind of weird.
>
> Q:  Okay.  So, this could be your signature?
>
> A:  It could be, yes.

Park Decl. Ex. B (T. Kotelevskiy Dep. at 20:1-7), docket no. 308.  ING argues that
since Tatyana testified that it "could be" her signature on the Application, she is
precluded from denying in her declaration that she was unaware of the false
information in the Application.  "The general rule in the Ninth Circuit is that a party
cannot create an issue of fact by an affidavit contradicting his prior deposition
testimony."  Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009).  "At
the same time, however, it must be recognized that the sham affidavit rule is in tension
with the principle that a court's role in deciding a summary judgment motion is not to
make credibility determinations or weigh conflicting evidence."  Id.  Therefore, the
Ninth Circuit has directed that the sham affidavit rule "should be applied with
caution."  Id.  "Inconsistencies between a party's deposition testimony and subsequent
affidavit must be clear and unambiguous to justify striking the affidavit."  Id.
(emphasis added).  Here, the purported inconsistency between Tatyana's deposition
testimony and her declaration are far from clear and unambiguous.  For example, her
admission that the signature on page four of the Application "could be" hers does not
contradict her declaration testimony that she did not see the falsified information in the
Application before it was submitted because none of the purportedly false information
is set forth on page four.  See Park Decl., Ex. C, docket no. 308.  Moreover, Ms.
Kotelevskiy unambiguously testified at her deposition that it was not her signature on
page three of the Application.  Id. at Ex. B (T. Kotelevskiy Dep. at 19:14-25), docket
no. 308 ("No.  I don't know.  No, it doesn't.  I think that's the one we were really
figuring out.  It does not look like mine.").  Finally, Ms. Kotelevskiy also testified at

---

2, docket no. 312.  Accordingly, the Court DENIES ING's motion for summary

judgment on its fraud claim.

              4.     <u>ING's Judicial Foreclosure Claim (Twenty-Fifth Cause of Action)</u>

       Foreclosure is appropriate where the lender can show a breach of the terms of

the promissory note and deed of trust, notice, and failure to cure.  Here, defendants

executed the Note in favor of ING, and agreed to make monthly payments beginning

on September 1, 2008.  Gray Decl., Ex. A, docket no. 309.  Repayment of the Note

was secured by the Deed on the Property, which defendants also executed in favor of

ING.  <u>Id.</u>, Ex. B.  Defendants breached their obligations under the Note when they

failed to make the required payments.  Gray Decl. at ¶ 11, docket no. 309.

Defendants' breach of the Note is also a breach of the Deed.  <u>Id.</u>, Ex. B at 2.

Defendants' breach of the Deed, and continuing default and failure to cure, entitles

ING to all of the available remedies set forth in the complaint, including a foreclosure

decree and a deficiency judgment.  <u>See</u> RCW 61.12.040.

       Defendants concede that ING is entitled to a foreclosure decree.  Resp. at 3,

docket no. 311.  However, defendants dispute that ING is entitled to a deficiency

judgment.  As discussed above in connection with defendants' motion for partial

---

her deposition, consistent with her declaration, that she had not seen the Application
prior to this litigation.  <u>Id.</u> (T. Kotelevskiy Dep. at 15:20-25, 16:l).  Thus, the
inconsistency between Ms. Kotelevskiy's deposition testimony and her subsequent
declaration, if indeed they are inconsistent at all, was present at the time of her
deposition, in which case ING's attorneys were obligated to clarify the discrepancy,
which they failed to do.  Accordingly, the sham affidavit rule does not apply, and
Tatyana Kotelevskiy's declaration is properly before the Court for consideration.

summary judgment, however, ING is entitled to a deficiency judgment.  Accordingly, the Court GRANTS ING's motion for summary judgment on its judicial foreclosure claim.  The Court will issue a foreclosure decree and deficiency judgment in favor of ING at the conclusion of the case, consistent with state law requirements.  <u>See</u> RCW 61.12.060; RCW 61.12.070.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment, docket no. 302.  The Court GRANTS in part and DENIES in part ING's motion for summary judgment, docket no. 307.  The Court GRANTS in part ING's motion for summary judgment on its claim for judicial foreclosure (Twenty-Fifth Cause of Action).  The Court DENIES in part ING's motion as to its RICO, WCPA, and fraud claims (Second, Fourth, and Eleventh Causes of Action).

IT IS SO ORDERED.

DATED this 29th day of April, 2011.

*Thomas S Zilly*

Thomas S. Zilly
United States District Judge