THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ING BANK, a federal savings bank,

          Plaintiff,

vs.

JACOB A. KORN, et al.,

          Defendants.

No. C09-124Z

ORDER

This matter comes before the Court on Plaintiff ING Bank's ("ING") motion for partial summary judgment against Defendants Valeriy Nayberger, Dina Nayberger, Nadezhda Sedneva, Sergey Kozhevnikov, Anastasia Tislenok, Oleg Tislenok, Petr Klimenko, Tatyana Klimenko, Nikolay Klimenko, Kristina Klimenko, Anatoliy Tislenok, Vera Tislenok, Wells Fargo & Company, Wells Fargo, N.A., Watermark Credit Union, Alaska U.S.A. Federal Credit Union, Boeing Employee Credit Union, and Westsound Bank,[1] docket no. 325. The Court previously granted the motion in part with

---

[1] Although ING brings its motion for summary judgment against "Westbound Bank," the Court assumes ING is referring to "Westsound Bank."

ORDER - 1

regards to Petr Klimenko, Tatyana Klimenko, Nikolay Klimenko, and Kristina Klimenko, and junior lienholders or other parties claiming an interest in the Klimenko property, Wells Fargo & Company and Wells Fargo, N.A., docket no. 334, and requested proof from the remaining Defendant-borrowers (collectively "Borrowers") that they have the capacity to repay their loans, docket no. 335.  Because none of the Borrowers have the capacity to repay their loans, the Court hereby GRANTS ING's motion with regard to the remaining Defendants, Valeriy Nayberger, Dina Nayberger, Nadezhda Sedneva, Sergey Kozhevnikov, Anastasia Tislenok, Oleg Tislenok, Anatoliy Tislenok, Vera Tislenok, Watermark Credit Union, Alaska U.S.A. Federal Credit Union, Boeing Employee Credit Union, and Westsound Bank.

## III.    Background

This case arises from an alleged scheme to defraud various mortgage lenders. In its present Motion, ING is seeking summary judgment on its Breach of Loan Documents/Judicial Foreclosure claims against Defendants.  The facts pertaining to each set of Defendants are as follows:

*1. The Anatoliy Tislenok and Vera Tislenok Loan*

Anatoliy and Vera Tislenok are the owners of real property located at 36030 21st Lane South, Federal Way, Washington.  Decl. of Brett L. Messinger in Supp. of Mot. for Partial Summ. J. ("Messinger Decl.") Ex. 2 (docket no. 327).  On May 2, 2008, Anatoliy Tislenok obtained a loan from ING for $720,000.   Decl. of Thomas Houlihan in Supp. of Mot. for Partial Summ. J. ("Houlihan Decl.") ¶ 7 (docket no. 326).   In

conjunction with the loan, he also executed a Note, and he and his wife Vera Tislenok executed a Deed of Trust which provided ING a first priority security interest in the property, which ING duly recorded.  Messinger Decl. Ex. 2; Houlihan Decl. ¶ 8, Exs. 4 & 5.

Mr. Tislenok defaulted on his loan obligations beginning on July 1, 2008, by failing to make required monthly payments.  Houlihan Decl. ¶ 9.  As a result, ING accelerated the balance of the loan of $907,439.88 under the Deed of Trust.  Houlihan Decl. ¶ 10, Ex. 6.  ING now claims that it is now entitled to foreclosure on its security interest, and that to the extent that Watermark Credit Union claims any interest in the property, such interest is not superior to ING.  Messinger Decl. Ex. 2.

*2. The Anastasia Tislenok Loan*

Anastasia and Oleg Tislenok are the owners of real property located at 36058 21st Lane South, Federal Way, Washington.  Messinger Decl. Ex 3.  On March 3, 2008, Anastasia Tislenok obtained a loan from ING for $740,000.   Houlihan Decl. ¶ 12.  In conjunction with the loan, she also executed a Note, and she and her husband Oleg Tislenok executed a Deed of Trust which provided ING a first priority security interest in the property, which ING duly recorded.  Messinger Decl. Ex. 3; Houlihan Decl. ¶ 13, Exs. 7 & 8.

Mrs. Tislenok defaulted on her loan obligations beginning on June 1, 2008, by failing to make required monthly payments.  Houlihan Decl. ¶ 14.  As a result, ING accelerated the balance of the loan of $928,273.28 under the Deed of Trust.  Houlihan

Decl. ¶ 15, Ex. 9. ING now claims that it is now entitled to foreclosure on its security interest.

   3. *The Nayberger Loan*

Valeriy and Dina Nayberger are the owners of real property located at 2908 44th Avenue Northeast, Tacoma, Washington. Messinger Decl. Ex. 4. On May 15, 2008, Valeriy Nayberger obtained a loan from ING for $780,000. Houlihan Decl. ¶ 17. In conjunction with the loan, he also executed a Note, and he and his wife Dina Nayberger executed a Deed of Trust which provided ING a first priority security interest in the property, which ING duly recorded. Messinger Decl. Ex. 4; Houlihan Decl. ¶ 18, Exs. 10 & 11.

Mr. Nayberger defaulted on his loan obligations beginning on August 1, 2008, by failing to make required monthly payments. Houlihan Decl. ¶ 19. As a result, ING accelerated the balance of the loan of $950,063.74 under the Deed of Trust. Houlihan Decl. ¶ 20, Ex. 12. ING now claims that it is now entitled to foreclosure on its security interest, and that to the extent that Boeing Employee Credit Union claims any interest in the property, such interest is not superior to ING. Messinger Decl. Ex. 4.

   4. *The Kozhevnikov Loan*

Sergey Kozhevnikov is the owner of real property located at 26916 9th Avenue South, Des Moines, Washington. Messinger Decl. Ex. 5. On November 30, 2007, Mr. Kimenko obtained a $900,000 loan from ING. Decl. of Thomas Houlihan ("Houlihan Decl.") ¶ 22. In conjunction with the loan, he also executed a Note, and a Deed of Trust

ORDER - 4

which provided ING a first priority security interest in the property, which ING duly recorded.  Messinger Decl. Ex. 5; Houlihan Decl. ¶ 23, Exs. 13 & 14.

Mr. Kozhevnikov defaulted on his loan obligations beginning on October 1, 2008, by failing to make required monthly payments.  Houlihan Decl. ¶ 24.  As a result, ING accelerated the balance of the loan of $1,105,362.52 under the Deed of Trust.  Houlihan Decl. ¶ 25, Ex. 15.  ING now claims that it is now entitled to foreclosure on its security interest, and that to the extent Alaska U.S.A. Federal Credit Union and Westsound Bank claim any interest in the property, such interest is not superior to ING.  Messinger Decl. Ex. 5.

### IV.  Discussion

#### A.  Standard of Review

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving party need not negate the opponent's claim, Celotex, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, Anderson, 477 U.S. at 249.  To survive a motion for summary judgment, the adverse

party must present affirmative evidence, which 'is to be believed' and from which all 'justifiable inferences' are to be favorably drawn. Id. at 255, 257. When the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See, e.g., Beard v. Banks, 548 U.S. 521, 529 (2006).

### A. Judicial Foreclosure

Foreclosure is appropriate where the lender can show a breach of the terms of the promissory note and deed of trust, notice, and failure to cure. See RCW 61.12.040. Here, Borrowers all executed a note in favor of ING and agreed to make monthly payments. Repayment of the notes was secured by deeds on the properties, which Borrowers also executed in favor of ING. Messinger Decl. Exs. 2-5; Houlihan Decl. ¶¶ 8, 13, 18, 23; Exs. 4, 5, 7, 8, 10, 11, 13, 14. Borrowers breached their obligations under the notes when they failed to make required payments. Houlihan Decl. ¶¶ 9, 14, 19, 24. Absent any defense, Borrowers' breach of their deeds of trust, and continuing default and failure to cure, entitles ING to a foreclosure decree. See RCW 61.12.040.

In response to ING's summary judgment motion, Borrowers argued that ING had not met its burden under Fed. R. Civ. P. 56(a) to show that no genuine issue of material fact exists because Borrowers have unresolved counterclaims for rescission under the Truth in Lending Act ('TILA') pending. See Answers, docket nos. 160 ¶¶ 26-38 (Anatoliy Tislenok and Vera Tislenok); 161 ¶¶ 24-36 (Oleg and Anastasia Tislenok); 162 ¶¶ 25-37 (Sergey Kozhevnikov and Nadezhda Sedneva); 163 ¶¶ 24-36

(Valeriy and Dina Nayberger). In its Reply, ING responded that Borrowers must demonstrate their financial ability to tender back the loan amount in order to maintain a rescission counterclaim under TILA, citing Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003). Because ING made this argument for the first time in its Reply, the Court directed Borrowers to file proof of their ability to repay their loans, less interest, finance charges, etc., if rescission were granted. The Court notified Borrowers that, "[i]f 'it is clear from the evidence that the borrower lacks capacity to pay back what she has received, the Court will, with regard to any Defendant unable to prove ability to tender,' dismiss that Defendant's counterclaim for rescission under TILA and grant ING's motion for summary judgment." Minute Order, docket no. 335 (citing Yamamoto, 329 F.3d 1167 at 1171). In response to the Court's Minute Order, the Borrowers admitted that none "have the capacity to repay their ING loans. . . ." Supplement to Opposition 2 (docket no. 344); see also, Decl. of Bruce M. Hull in Supp. of Supplement to Opp'n of Borrowers to ING's Mot. for Partial Summ. J. ¶¶ 2-3 (docket no. 345).

TILA and its implementing regulations impose obligations on a borrower to return money or property when the borrower exercises the right to rescind. 15 U.S.C. § 1635(b) (". . . Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. . . ."); 12 C.F.R. § 226.23(d)(3) (same). The Ninth Circuit has expressly held

ORDER - 7

that courts have equitable discretion to modify the sequence of rescission events to require borrowers to allege or show (in connection with a summary judgment motion) an ability to repay the loan proceeds *before* deciding whether rescission is warranted. Yamamoto, 329 F.3d at 1173.  In Yamamoto, the Ninth Circuit affirmed the District Court's summary judgment dismissal of a borrower's rescission claim where "it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.)." See also, Abarquez v. Onewest Bank, FSB, No. C11-29, 2011 WL 1459458, at *4 (W.D. Wash. Apr. 15, 2011) (dismissing TILA claims where plaintiffs did not allege ability to tender the money they received under the loan agreement); McGinley III v. Am. Home Mortg. Servicing, Inc., No. C10-1157, 2010 WL 4065826, at *4 (W.D. Wash. Oct. 15, 2010) (same).

The Court elects to exercise its equitable discretion conferred by Yamamoto. Borrowers admit they do not have the capacity to pay back what they have received. Accordingly, the Court dismisses Borrowers' counterclaims for rescission and grants ING's motion for summary judgment.

## V.     Conclusion

Defendants Valeriy Nayberger, Dina Nayberger, Nadezhda Sedneva, Sergey Kozhevnikov, Anastasia Tislenok, Oleg Tislenok, Anatoliy Tislenok and Vera Tislenok's counterclaims for rescission under TILA are DISMISSED.  Plaintiff ING Bank's motion for partial summary judgment, docket no. 325, is GRANTED with respect to the following Defendants:

(1) Anatoliy Tislenok and Vera Tislenok, and junior lienholder or other party claiming an interest in the property, Watermark Credit Union (Count Twenty-Two of ING's Amended Complaint);

(2) Anastasia Tislenok and Oleg Tislenok (Count Twenty-Three of ING's Amended Complaint);

(3) Valeriy Nayberger and Dina Nayberger and junior lienholder or other party claiming an interest in the property, Boeing Employee Credit Union (Count Twenty-Four of ING's Amended Complaint); and

(4) Sergey Kozhevnikov and his wife Nadezhda Sedneva, and junior lienholders or other parties claiming an interest in the property, Alaska U.S.A. Federal Credit Union and Westsound Bank (Count Twenty-Six of ING's Amended Complaint).

Plaintiff shall submit proposed judgments of foreclosure consistent with this Order.

IT IS SO ORDERED.

DATED this 4th day of November, 2011.

Thomas S. Zilly
United States District Judge