UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ING BANK, a federal savings bank,

                Plaintiff,

    v.

JACOB A. KORN, et al.,

                Defendants.

No.  C09-124Z

ORDER

Having reviewed the status report submitted by plaintiff ING Bank, a federal savings bank ("ING"), docket no. 384,[1] and the various motions and stipulations pending at the time or submitted thereafter, the Court hereby ORDERS:

---

[1] Prior to the filing of ING's status report, ING's claims against defendants David Sobol, individually, Alla Sobol, aka Alla Pyatetskay, individually, the marital community of David and Alla Sobol, and David and Alla Sobol Family LP were dismissed with prejudice and without costs.  Order (docket no. 260).  ING's claims against defendants Eric Olaf Perrigo, individually, the marital community of Eric and Lori D. Perrigo, and Appraisals Unlimited, dba Perrigo Appraisals (collectively, the "Perrigo Defendants"), were also dismissed with prejudice.  Order (docket no. 269).  ING's claims against defendant Veniamin Klimok (who is presumably single despite ING having named his marital community as a defendant) were dismissed with prejudice on ING's motion, _see_ Order (docket no. 310), and ING's claims against defendants Viktor G. Mokhnach, individually, the marital community of Viktor G. and Larisa N. Mokhnach, and Euro and Exotic Garage, Inc. (collectively, the "Mokhnach Defendants") were dismissed with prejudice and without costs upon a stipulated motion of the parties, _see_ Order (docket no. 368).

ORDER   -1-

(1)     ING's unopposed[2] motion for voluntary dismissal as to defendants Vladislav Baydovskiy and Donata Baydovskiy (the "Baydovskiy Defendants"), docket no. 379, is GRANTED; ING's claims against the Baydovskiy Defendants are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2);

(2)     ING's unopposed[3] motion for voluntary dismissal as to defendant Nationwide Home Lending, LLC, docket no. 380, is GRANTED; ING's claims against Nationwide Home Lending, LLC are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2);

(3)     The stipulated motion of the parties, docket no. 392, is GRANTED, and ING's claims against defendants Jacob A. Korn, individually, and the marital community of Jacob A. Korn and Andrea Korn are DISMISSED with prejudice and without costs;

(4)     The stipulated motion of the parties, docket no. 395, is GRANTED,[4] and ING's claims against defendants (i) Petr Klimenko, individually; (ii) Tatyana Klimenko, individually; (iii) the marital community of Petr and Tatyana Klimenko; (iv) Nikolay Klimenko, individually; (v) Kristina Klimenko, individually; and (vi) the marital community of Nikolay and Kristina Klimenko (collectively, the "Klimenko Defendants"), including

---

[2] By Minute Order entered on November 23, 2011, docket no. 385, ING was directed to again serve its motion for voluntary dismissal on the Baydovskiy Defendants. ING filed a certification of service on the same day the Minute Order was entered. *See* docket no. 386. No response to ING's motion has been filed. The Court treats the Baydovskiy Defendants' non-opposition as a concession that ING's claims against them may be dismissed without prejudice to refiling at a later date. *See* Minute Order (docket no. 385); *see also* Local Rule CR 7(b)(2).

[3] Nationwide Home Lending, LLC was served c/o Alla Sobol at two different addresses in Renton, Washington. *See* Certificate of Service (docket no. 380 at 3-4). No response to ING's motion has been filed, and the Court has received no indication that the Renton addresses are invalid. The Court therefore treats ING's motion for voluntary dismissal as unopposed.

[4] The parties' stipulation and proposed order to extend time to complete settlement, docket no. 391, is STRICKEN as moot.

ORDER   -2-

ING's claim for judicial foreclosure relating to real property commonly known as 23916 29th Avenue West, Brier, Washington,[5] are DISMISSED with prejudice and without costs;

(5)     The stipulated motion of the parties, docket no. 387, is GRANTED, and the Clerk is directed to enter judgment in favor of ING and against defendants Inna Ruseva, aka Inna Stukov, individually, and the marital community of Inna Stukov and Alexander Stukov, aka Inna and John Doe Ruseva (the "Stukov Defendants"), judicially foreclosing the Stukov Defendants' rights, title, and interest in the real property commonly known as 4528 Heron Ridge Drive Northeast, Tacoma, Washington 98422;[6] ING's other claims against the Stukov Defendants, including ING's claim for deficiency, are DISMISSED with prejudice and without costs;

(6)     The stipulated motion of the parties, docket no. 388, is GRANTED, and the Clerk is directed to enter judgment in favor of ING and against defendants Sergey V. Kozhevnikov, individually, Nadezhda Sedneva, aka Nadya Sednev, individually, and the

---

[5] Defendants Wells Fargo & Company and Wells Fargo N.A. (collectively, the "Wells Fargo Defendants") were alleged to have junior lienholder interests in the property located at 23916 29th Avenue West in Brier (the "Brier Property"). Amended Complaint at ¶¶ 45 & 46 (docket no. 105). Wells Fargo N.A. failed to timely plead or otherwise defend and default was entered on March 24, 2009, docket nos. 56 & 57. Wells Fargo & Company likewise failed to timely plead or otherwise defend and default was entered on October 19, 2011, docket no. 348. In an earlier Order, dated September 30, 2011, docket no. 334, the Court granted summary judgment in favor of ING and against both the Wells Fargo Defendants and the Klimenko Defendants. Because ING and the Klimenko Defendants later reached a settlement, pursuant to which ING has agreed not to pursue judicial foreclosure of its deed of trust on the Brier Property, the Court sua sponte VACATES the entries of default as to the Wells Fargo Defendants, docket nos. 56, 57, & 348, as well as the Order of summary judgment, docket no. 334. ING's claims against the Wells Fargo Defendants are DISMISSED without prejudice as moot.

[6] Defendants Irina Piekhotin, aka Irina Lysuk, aka Irinea Piekhotin, individually, and the marital community of Irina and Vitaliy Piekhotin (the "Piekhotin Defendants"), who were alleged to have a junior lienholder interest in the property located at 4528 Heron Ridge Drive in Tacoma (the "Heron Ridge Property"), _see_ Amended Complaint at ¶ 44 (docket no. 105), failed to timely plead or otherwise defend in this action, and default was entered against them by Order dated October 19, 2011, docket no. 350. The judgment shall reflect that the Piekhotin Defendants' rights, title, and interest in the Heron Ridge Property are junior to those of ING and are extinguished by foreclosure of ING's senior deed of trust. Defendants Keybank, N.A. and Keycorp (collectively, "KeyBank"), which were alleged to have a junior lienholder interest in the Heron Ridge Property, _see_ Amended Complaint at ¶¶ 42 & 43, stipulated to judicial foreclosure in favor of ING. _See_ Stipulated FRCP 54(b) Judgment (docket no. 199). For the sake of clarity, the judgment shall reflect that KeyBank's rights, title, and interest in the Heron Ridge Property are junior to those of ING and are extinguished by foreclosure of ING's senior deed of trust.

ORDER   -3-

marital community of Sergey V. Kozhevnikov and Nadezhda Sedneva, judicially foreclosing defendants Kozhevnikov's and Sedneva's rights, title, and interest in the real property commonly known as 26916 9th Avenue South, Des Moines, Washington 98198;[7] ING's other claims against defendant Kozhevnikov and Sedneva, including ING's claim for deficiency, are DISMISSED with prejudice and without costs;

(7)     The stipulated motion of the parties, docket no. 389, is GRANTED, and the Clerk is directed to enter judgment in favor of ING and against defendants Anastasia (aka Anastia) Tislenok, individually, Oleg A. Tislenok, individually, and the marital community of Anastasia and Oleg A. Tislenok (the "Tislenok Defendants"), judicially foreclosing the Tislenok Defendants' rights, title, and interest in the real property commonly known as 36058 21st Lane South, Federal Way, Washington 98003; ING's other claims against the Tislenok Defendants, including ING's claim for deficiency, are DISMISSED with prejudice and without costs;

(8)     The stipulated motion of the parties, docket no. 390, is GRANTED, and the Clerk is directed to enter judgment in favor of ING and against defendants Valeriy A. Nayberger, individually, Dina N. Nayberger, individually, and the marital community of Valeriy and Dina Nayberger (the "Nayberger Defendants"), judicially foreclosing the Nayberger Defendants' rights, title, and interest in the real property commonly known as 2908 44th Avenue Northeast, Tacoma, Washington 98422;[8] ING's other claims against the

---

[7] Defendant Westsound Bank, which was alleged to have a junior lienholder interest in the property located at 26916 9th Avenue South in Des Moines (the "9th Avenue Property"), _see_ Amended Complaint at ¶ 50 (docket no. 105), reconveyed its deed of trust to defendant Kozhevnikov, _see_ Stipulated Motion at ¶ G (docket no. 388), and ING has already voluntarily dismissed its claims against Westsound Bank, _see_ Notice (docket no. 245). Defendant Alaska USA Federal Credit Union ("Alaska Credit Union"), which was also alleged to have a junior lienholder interest in the 9th Avenue Property, _see_ Amended Complaint at ¶ 49, failed to timely plead or otherwise defend in this action, and default was entered against Alaska Credit Union by Order dated March 24, 2009, docket nos. 56 & 57. The judgment shall reflect that Alaska Credit Union's rights, title, and interest in the 9th Avenue Property are junior to those of ING and are extinguished by foreclosure of ING's senior deed of trust.

[8] Defendant Boeing Employee Credit Union ("BECU") was alleged to have a junior lienholder interest in property located at "2908 44th Avenue NW" in Tacoma. Amended Complaint at ¶ 48 (docket no. 105)

Nayberger Defendants, including ING's claim for deficiency, are DISMISSED with prejudice and without costs;

(9) The stipulated motion of the parties, docket no. 393, is GRANTED, and the Clerk is directed to enter judgment in favor of ING and against defendants Anatoliy M. Tislenok, individually, Vera Tislenok, individually, and the marital community of Anatoliy and Vera Tislenok (the "A. & V. Tislenok Defendants"), judicially foreclosing the A. & V. Tislenok Defendants' rights, title, and interest in the real property commonly known as 36030 21st Lane South, Federal Way, Washington 98003;[9] ING's other claims against the A. & V. Tislenok Defendants, including ING's claim for deficiency, are DISMISSED with prejudice and without costs;

(10) The stipulated motion of the parties, docket no. 394, is GRANTED, and the Clerk is directed to enter judgment in favor of ING and against defendants Tatyana Kotelevskiy, aka Tatyana Shpak, individually, Igor Kotelevskiy, individually, and the marital

_____

(emphasis added). The address identified in the Amended Complaint appears to contain a typographical error, and the Court sua sponte modifies the operative pleading to reflect the correct location as 2908 44th Avenue <u>Northeast</u> in Tacoma (the "44th Avenue Property"). BECU failed to timely plead or otherwise defend in this action, and default was entered by Order dated March 24, 2009, docket nos. 56 & 57. The judgment shall reflect that BECU's rights, title, and interest in the 44th Avenue Property are junior to those of ING and are extinguished by foreclosure of ING's senior deed of trust.

[9] Defendant Watermark Credit Union ("Watermark") was alleged to have a junior lienholder interest in property located at "36030 21st Lane <u>Street</u>" in Federal Way. Amended Complaint at ¶ 47 (docket no. 105) (emphasis added). The address identified in the Amended Complaint appears to contain a typographical error, and the Court sua sponte modifies the operative pleading to reflect the correct location as 36030 21st Lane <u>South</u> in Federal Way (the "21st Lane Property"). By stipulation, a decree of judicial foreclosure was entered in favor of ING and against Watermark as to the 21st Lane Property, and Watermark was "dismissed without prejudice as a defendant from this action." Stipulated FRCP 54(b) Judgment (docket nos. 200 & 201). ING subsequently moved for summary judgment as to Watermark, and its motion was granted by Order dated November 4, 2011, docket no. 365. To the extent that the language of the Stipulated FRCP 54(b) Judgment, which was proposed by the parties, is internally inconsistent or is undermined by the Court's subsequent Order of summary judgment, the Court clarifies that Watermark stipulated that its rights, title, and interest in the 21st Lane Property are junior to those of ING and would be extinguished by foreclosure of ING's senior deed of trust. ING's claims against Watermark were resolved on the merits by such stipulation. As a result, after entry of the Stipulated FRCP 54(b) Judgment, Watermark no longer needed to participate in the action, and the phrase indicating it was "dismissed" served only to terminate Watermark's involvement as a party. In light of Watermark's earlier stipulation, the judgment shall reflect that Watermark's rights, title, and interest in the 21st Lane Property are junior to those of ING and are extinguished by foreclosure of ING's senior deed of trust.

ORDER   -5-

community of Tatyana and Igor Kotelevskiy (the "Kotelevskiy Defendants"), judicially foreclosing the Kotelevskiy Defendants' right, title, and interest in the real property commonly known as 23728 29th Avenue West, Brier, Washington 98036; ING's other claims against the Kotelevskiy Defendants, including ING's claim for deficiency,[10] are DISMISSED with prejudice and without costs;

(11)   Default having been entered as to defendant Emerald City Escrow, LLC, see Order (docket no. 353), and as to defendants Viktor Kobzar, individually, the marital community of Viktor and Yelena V. Kobzar, and KoBay Financial Corp. (collectively, the "Kobzar Defendants"), _see_ Order (docket no. 349), but ING having failed to timely file a motion for default judgment as to these defendants, as required by the Minute Order entered on November 23, 2011, docket no. 385, ING's claims against Emerald City Escrow, LLC and the Kobzar Defendants are DISMISSED without prejudice;

(12)   The following deeds of trust are foreclosed, and the properties described therein are ordered sold by the sheriff of the county in which such property is located, in the manner provided by law:

(a)   Deed of Trust recorded in the office of the Pierce County Auditor as instrument number 200806250535,[11] Ex. 19 to Amended Complaint (Ruseva aka Stukov);

---

[10] In light of the parties' settlement, the Court sua sponte VACATES the portion of its Order dated April 29, 2011, docket no. 316, granting a deficiency judgment in favor of ING.

[11] In the Amended Complaint, the instrument number is identified as 200806250534, but the document associated with such number is a statutory warranty deed granted by Irina Piekhotin, aka Irina Lysuk, in favor of Inna Ruseva. _See_ Amended Complaint at ¶ 132 (docket no. 105); _compare_ https://armsweb.co.pierce.wa.us/RealEstate/SearchResults.aspx.  The Court sua sponte modifies the Amended Complaint to reflect the correct instrument number, namely 200806250535.

(b)     Deed of Trust recorded in the office of the King[12] County Auditor as instrument number 20080514000705, Ex. 22 to Amended Complaint (A. & V. Tislenok);

(c)     Deed of Trust recorded in the office of the King County Auditor as instrument number 20080312001684,[13] Ex. 23 to Amended Complaint (Tislenok);

(d)     Deed of Trust recorded in the office of the Pierce County Auditor as instrument number 200805220554, Ex. 24 to Amended Complaint (Nayberger);

(e)     Deed of Trust recorded in the office of the Snohomish County Auditor as instrument number 200808040482, Ex. 25 to Amended Complaint (Kotelevskiy); and

(f)     Deed of Trust recorded in the office of the King County Auditor as instrument number 20080813000380, Ex. 27 to Amended Complaint (Kozhevnikov).

The proceeds of the sales of such properties shall be applied to payment of the respective sums due to ING, which is granted the right to become a bidder and purchaser at such sales, with the right to immediate possession of such property.  In the event that the proceeds of a sale exceed the sum due to ING from the respective borrower(s), the surplus shall be deposited into the Registry of the Court, and an appropriate motion concerning the disposition of any such amount shall be brought under this cause number.  *See* RCW 61.12.150.  The Court is satisfied that the properties identified in the deeds of trust listed above are not used primarily for agricultural or farming purposes, that the borrowers under each deed of trust identified in this paragraph have waived all rights of redemption,

---

[12] In the Amended Complaint, the instrument is described as having been recorded in the office of the Pierce County Auditor under number 200805140705, *see* Amended Complaint at ¶ 174 (docket no. 105); however, the instrument was in fact recorded in the office of the King County Auditor under number 20080514000705, *see* http://www.kingcounty.gov/business/Recorders/RecordsSearch.aspx.  The Court sua sponte modifies the Amended Complaint to reflect the correct recording information.

[13] Although the Amended Complaint identifies the instrument number as 200803121684, *see* Amended Complaint at ¶ 188 (docket no. 105), the copy of the deed of trust attached to the Amended Complaint reflects the correct instrument number as 20080312001684.

ORDER   -7-

and that ING has waived its rights to any deficiency judgment. Stipulated Motions (docket nos. 387, 388, 389, 390, 393, & 394); *see* RCW 6.23.020 (redemption); RCW 61.12.070; RCW 61.24.020; RCW 61.24.030(2) ("Real property is used for agricultural purposes if it is used in an operation that produces crops, livestock, or aquatic goods.").

(13)    All claims, counterclaims,[14] and cross-claims[15] in this matter having been resolved either previously or in this Order, the Clerk is DIRECTED to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58 and to CLOSE this case.

(14)    The Clerk is further DIRECTED to send a copy of this Order to all counsel of record and to all pro se parties.

IT IS SO ORDERED.

DATED this 7th day of March, 2012.

Thomas S. Zilly
United States District Judge

---

[14] The Kotelevskiy Defendants' counterclaim for defamation was dismissed with prejudice by Order dated April 17, 2009, docket no. 98; and the counterclaims for rescission brought by defendants Kozhevnikov and Sedneva, the Nayberger Defendants, the Tislenok Defendants, and the A. & V. Tislenok Defendants were dismissed by Order dated November 4, 2011, docket no. 365, in which the Court granted ING's motion for partial summary judgment.

[15] Cross-claims brought by certain defendants against David and Alla Sobol were voluntarily dismissed by Order dated August 24, 2010, docket no. 277; cross-claims brought by certain defendants against Jacob and Andrea Korn were dismissed with prejudice upon a stipulation of the parties, docket no. 369; cross-claims brought by certain defendants against the Perrigo Defendants were voluntarily dismissed by notices pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), docket nos. 256, 257, 258, & 259; and cross-claims brought by certain defendants against the Mokhnach Defendants were dismissed with prejudice upon a stipulation of the parties, docket no. 373. All other cross-claims brought by any party are hereby DISMISSED without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

ORDER   -8-